CITY OF IRVING, Appellant

v.

INFORM CONSTRUCTION, INC., Appellee.

No. 05–03–01460–CV.

Court of Appeals of Texas, Dallas.

Aug. 9, 2004.

Rehearing Overruled Sept. 20, 2004.

David Caylor, City Atty., Michael A. Bucek and Rodney D. Adams, Asst. City Attys., Irving, for Appellant.

Andrew Blake Piel, Stephen D. Harrison, Harrison & Steck, Hoover & Drake, P.C., Fort Worth, for Appellee.

Before Justices WHITTINGTON, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice WHITTINGTON.

In response to the City of Irving's plea to the jurisdiction, the trial judge found the City had waived its immunity from suit. The City brings this accelerated appeal, claiming the trial judge erred in denying its plea. We affirm the trial court's order.

### BACKGROUND

The City and Inform Construction, Inc. entered into a contract on June 21, 2000. Inform was to construct the "Mustang Park Recreation Center and Related Site Improvements." In 2002, Inform filed suit, alleging the City failed to meet its payment obligations under the contract. The City answered the petition and filed a counterclaim for damages and attorneys' fees arising out of Inform's alleged breach of the June 21, 2000 contract.

The City later filed a plea to the jurisdiction. While the City now states it "did not pursue its earlier request for affirmative relief" when it filed its plea to the jurisdiction, it did not amend its answer or withdraw the counterclaim. Without amendment of its answer or withdrawal of the counterclaim, the City's counterclaim remains pending. *See* TEX.R. CIV. P. 92 (original answer presumed to extend to matters in amended petition); TEX.R. CIV. P. 64–65 (amended instruments take place of original).

In its plea to the jurisdiction, the City alleged the trial court lacked subject matter jurisdiction because Inform's claim did not fall within an express waiver by the City of its immunity from suit. Inform filed a response to the plea, arguing (i) section 51.075 of the Texas Local Government Code contains an express waiver of immunity from suit because it provides that the City may "plead and be implead-

ed," and (ii) provisions of the City's charter waived the City's immunity from suit. *See* TEX. LOCAL GOV'T CODE ANN. § 51.075 (Vernon 1999). The trial judge denied the City's plea, finding the City had waived immunity from suit. The City brings this accelerated appeal of the trial court's interlocutory order. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2004) (allowing appeal of interlocutory order of district court granting or denying plea to jurisdiction by governmental unit); *see also* TEX.R.APP. P. 28 (allowing appeals from interlocutory orders to be accelerated).

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea, made to defeat a cause of action without regard to the merits of the claims asserted. *See Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's authority to determine the subject matter of a pleaded cause of action. *See Tex. State Employees Union/CWA Local 6184 A.F.L.C.I.O. v. Tex. Workforce Comm'n,* 16 S.W.3d 61, 65 (Tex.App.-Austin 2000, no pet.). The existence of subject matter jurisdiction is a question of law; thus, we review de novo the trial judge's ruling on a plea to the jurisdiction. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002).

## WAIVER OF GOVERNMENTAL IMMUNITY

After briefing and submission in this case, the Texas Supreme Court issued its opinion in *Reata Construction Corp. v. City of Dallas,* holding that a city waived its governmental immunity by intervening in a lawsuit to assert claims for affirmative relief. *See Reata Constr. Corp. v. City of Dallas,* —— S.W.3d ——, 47 Tex. Sup.Ct. J. 408, 2004 WL 726906 (Tex. Apr. 2, 2004) (per curiam) (mo. for reh'g filed). In sup-

plemental briefing, Inform argues the City's counterclaim constitutes a waiver of immunity under *Reata.* The City argues Inform did not timely raise this issue, citing our opinion in *City of Dallas v. First Trade Union Savings Bank,* 133 S.W.3d 680 (Tex.App.-Dallas 2003, pet. filed). We conclude our holding in *First Trade Union Savings Bank* does not preclude our consideration of this issue.

In *First Trade Union Savings Bank,* we held our review of a trial judge's rulings on pleas to the jurisdiction did not extend to a plea not made in the trial court. *See First Trade Union Sav. Bank,* 133 S.W.3d at 687. In that case, the city asserted a plea to the jurisdiction in the trial court regarding the bank's tort claims but did not assert a plea regarding the bank's breach of contract claims until appeal. *See First Trade Union Sav. Bank,* 133 S.W.3d at 687. We held our jurisdiction was limited to the order denying the plea to the jurisdiction filed by the city and did not extend "to some plea never filed with the trial court." *See First Trade Union Sav. Bank,* 133 S.W.3d at 687.

In the case at bar, the City is not requesting review of a new plea to the jurisdiction on appeal; rather, Inform is noting an additional reason the trial judge correctly decided the court had subject matter jurisdiction. We make a de novo review of the trial judge's ruling because the issue is one of law. *See IT–Davy,* 74 S.W.3d at 855. In determining an issue of law, we must follow our state supreme court's expressions of the law. *See Lubbock County v. Trammel's Lubbock Bail Bonds,* 80 S.W.3d 580, 585 (Tex.2002) (once supreme court announces proposition of law, decision is considered binding precedent). Our supreme court determined in *Reata* that the filing of an affirmative claim for relief constitutes a waiver of immunity from suit. *See Reata,* ——

S.W.3d at ——, 2004 WL 726906 at *3. Nothing in *First Trade Union Savings Bank* precludes us from following the supreme court's decision in *Reata*, especially when considering a matter relating to the trial court's subject matter jurisdiction. *See Tullos v. Eaton Corp.*, 695 S.W.2d 568, 568 (Tex.1985) (trial court's lack of jurisdiction is fundamental error and may be raised at any time).

█ Further, we agree with Inform that *Reata* requires affirming the trial judge's denial of the City's plea. In *Reata*, Southwest Properties Group, Inc. sued Dynamic Cable Construction Company, Inc. and Reata Construction Company for damages resulting from flooding after Reata inadvertently drilled into a water main when installing fiber optic cable. *See Reata*, —— S.W.3d at ——, 2004 WL 726906 at *1. Other claims followed:

> On January 12, 2001, Reata filed a third-party claim against the City of Dallas .... With its answer to Reata's petition, the City filed special exceptions asserting that Reata's claims were not within the Texas Tort Claims Act's waiver of immunity. The City also intervened asserting claims against Dynamic. Eight months later, on September 11, 2001, the City filed a second amended plea in intervention asserting a claim of negligence against Reata .... The next day, the City filed a plea to the jurisdiction asserting governmental immunity from suit with regard to Reata's claims against it.

*Reata*, —— S.W.3d at ——, 2004 WL 726906 at *1.

The *Reata* court held that when a governmental entity files suit, it "waives immunity from suit for any claim that is 'incident to, connected with, arises out of, or is germane to the suit or controversy brought by the State.'" *Reata*, —— S.W.3d at ——, 2004 WL 726906 at *3 (quoting *State v. Martin*, 347 S.W.2d 809, 814 (Tex.Civ.App.-Austin 1961, writ ref'd n.r.e.)). The *Reata* court saw "no reason to differentiate between a governmental entity as a plaintiff and as a plaintiff-intervenor" for purposes of waiver of governmental immunity. *Reata*, —— S.W.3d at ——, 2004 WL 726906 at *3. "When the City filed its plea in intervention against Reata, it subjected itself to the jurisdiction of the trial court and waived its governmental immunity from suit with regard to Reata's claims 'germane to the matter in controversy.'" *Reata*, —— S.W.3d at ——, 2004 WL 726906 at *3 (quoting *Martin*, 347 S.W.2d at 814).

The city in *Reata* was brought into an existing suit as a third-party defendant. It subsequently "intervened" to assert an affirmative claim seeking damages against the third-party plaintiff, Reata. *See Reata*, —— S.W.3d at ——, 2004 WL 726906 at *1. The supreme court concluded the city's action in asserting its affirmative claims for relief was sufficient to waive its governmental immunity. *See Reata*, —— S.W.3d at ——, 2004 WL 726906 at *3.

Here, the City's counterclaim requested affirmative relief in the form of breach of contract damages. Under *Reata*, this request for affirmative relief was an intentional relinquishment of any claim to governmental immunity. In reaching this decision, we conclude there is no distinction between an affirmative claim for relief filed by a third-party defendant, as in *Reata*, and a defendant, as here. The City waived immunity by filing its counterclaim for damages. *See Reata*, —— S.W.3d at ——, 2004 WL 726906 at *2.

Under *Reata*, the City in this case had the choice of asserting its counterclaim or asserting its plea of immunity. We recognize the City's counterclaim was compulsory and would be lost if not asserted in this

suit before the running of limitations. *See* Tex.R. Civ. P. 97 (pleading shall state as counterclaim any claim arising out of the transaction or occurrence that is subject matter of opposing party's claim); *Williams v. Nat'l Mortgage Co.*, 903 S.W.2d 398, 402 (Tex.App.-Dallas 1995, writ denied) (party's failure to assert compulsory counterclaim precludes that party from asserting it in later lawsuits). *Reata* requires this choice: a party either invokes the jurisdiction of the court by seeking affirmative relief or challenges the court's subject matter jurisdiction over the dispute. As in *Reata*, when the City filed its counterclaim, it waived immunity from claims incident to, connected with, arising out of, or germane to that affirmative claim. *See Reata*, —— S.W.3d at ——, 2004 WL 726906 at *3.

We affirm the trial court's order denying the City's plea to the jurisdiction and remand the cause to the trial court for further proceedings.