**CITY OF GRAND PRAIRIE, Appellant**

v.

**IRWIN SEATING COMPANY, Midwest Mechanical Contractors, Inc., Seyforth Roofing Company, Inc., Lewis & Lambert, L.L.L.P., and Linbeck/Con–Real/Russell Joint Venture, Appellees.**

No. 05–04–00560–CV.

Court of Appeals of Texas, Dallas.

Aug. 16, 2005.

Jim (James) McCown, Nesbitt, Vassar & McCown, LLP, Addison, for Appellant.

Charles E. Wear, Jr., Arlington, William Brent Shellhorse, Whiatker, Chalk, Swindle & Sawyer, Fort Worth, Martha C. Coleman, Strasburger & Price, LLP, and James K. Peden III, Strasburger & Price, P.C., Toni Scott Reed, Dallas, C. John Scheef III, Frisco, Scott Griffith, Griffith & Nixon, P.C., Dallas, for Appellees.

Before O'NEILL, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

This is an interlocutory appeal of the trial court's denial of the City of Grand Prairie's plea to the jurisdiction. Grand Prairie argues the trial court erred because: (1) Grand Prairie did not initiate any legal proceedings in this action which would result in a waiver of its immunity from suit; and (2) the city charter is not an express waiver of immunity from suit.

We affirm the trial court's order denying Grand Prairie's plea to the jurisdiction.

## I. BACKGROUND

Texas NextStage entered into a sale and lease-back agreement with Grand Prairie concerning the NextStage Theater. Under that agreement, Texas NextStage was obligated to sell the theater and real property to Grand Prairie on substantial completion of construction, and Grand Prairie was obligated to lease the theater back to Texas NextStage.

In January 2002, while work on the project was still in progress, Texas NextStage sold the theater and real property to Grand Prairie. At the time of the sale, Linbeck and Worscheh, as officers of Texas NextStage, certified that it had "timely performed in all material respects all of its covenants, agreements and obligations ... and [wa]s not in default in any material respect under any such agreements."

In August 2002, Texas NextStage filed for bankruptcy protection. It still owed Linbeck Construction for construction and development of the property. In response, Linbeck Construction as managing venturer for Linbeck/Con–Real/Russell, the contractor, filed a mechanic's lien against the property and a lawsuit against Grand Prai-

rie seeking to foreclose on that lien. Grand Prairie obtained a bond from RLI Insurance to indemnify it from the mechanic's lien. The subcontractors intervened in the lawsuit claiming that a portion of Linbeck Construction's alleged damages were owed to them. Also, some of these subcontractors asserted their own lien claims against Grand Prairie.

Grand Prairie filed a third-party petition against Linbeck and Worscheh, a counterclaim against Linbeck Construction, and a request for declaratory judgment. Then, Grand Prairie filed a plea to the jurisdiction asserting immunity from suit and a motion for summary judgment asserting immunity from liability. The trial court denied Grand Prairie's plea to the jurisdiction as well as its motion for summary judgment.

## II.  IMMUNITY FROM SUIT

In its two issues, Grand Prairie argues the trial court erred when it denied Grand Prairie's plea to the jurisdiction. In its first issue, Grand Prairie argues the trial court erred when it denied Grand Prairie's plea to the jurisdiction because the city charter is not an express waiver of immunity from suit. Based on our resolution of Grand Prairie's second issue, we need not address its first issue. *See* TEX.R.APP. P. 47.1. In its second issue, Grand Prairie argues that the trial court erred when it denied Grand Prairie's plea to the jurisdiction because it did not initiate any legal proceedings which would result in a waiver of immunity. We conclude that Grand Prairie waived immunity and overrule its second issue.

### A.  Standard of Review

■ A plea to the jurisdiction is a dilatory plea by which a party may challenge a court's authority to determine the subject matter of an action. *Bland Indep.*

*Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). Whether a trial court has subject matter jurisdiction is a question of law to be reviewed de novo. *Tex. Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex.2002). In performing this review, we do not look to the merits of the plaintiff's case but consider only the pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002) (citing *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001)). When determining whether there is a clear and unambiguous waiver of immunity from suit, we resolve any ambiguity in favor of retaining immunity. *See Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 697 (Tex.2003).

### B.  Applicable Law

■ Governmental immunity protects governmental entities from lawsuits for damages absent legislative consent. *See Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 405 (Tex.1997), *superseded by statute on other grounds as stated in Gen. Servs. Comm'n v. Little-Tex Insulation Co.,* 39 S.W.3d 591, 593 (Tex.2001). The sovereign immunity of the State inures to the benefit of a municipality to the extent the municipality engages in the exercise of governmental functions. *City of Tyler v. Likes,* 962 S.W.2d 489, 501 (Tex.1997). The doctrine of sovereign immunity embraces two distinct concepts: (1) immunity from suit, and (2) immunity from liability. *See Fed. Sign,* 951 S.W.2d at 405.

■ Immunity from suit bars a lawsuit against a governmental entity unless the governmental entity expressly gives its consent to the suit. *See Fed. Sign,* 951 S.W.2d at 405. A governmental entity may consent to suit by statute or by legislative resolution. *See Fed. Sign,* 951 S.W.2d at 405. Legislative consent to suit

must be expressed by clear and unambiguous language. TEX. GOV'T CODE ANN. §§ 311.034 (Vernon 2005); *Travis County v. Pelzel & Assocs. Inc.*, 77 S.W.3d 246, 248 (Tex.2002); *Fed. Sign*, 951 S.W.2d at 405. A governmental entity may also waive immunity by filing suit. *Reata Construction Corp. v. City of Dallas*, 47 Tex. Sup.Ct. J 408, 2004 WL 726906 (Tex. Apr. 2, 2004) (per curiam) (mo. for reh'g filed).[1]

### C. Waiver by Filing Counterclaim and Third-party Claim

██ Grand Prairie argues the trial court erred when it denied Grand Prairie's plea to the jurisdiction because Grand Prairie did not initiate any legal proceedings in this action that would result in a waiver of its immunity from suit. Grand Prairie asserted a counterclaim against Linbeck Construction and a third-party claim against Linbeck and Worscheh but contends that it is only seeking damages in any amounts Grand Prairie is found to owe the plaintiff.

The supreme court has held that "by filing a suit for damages, a governmental entity waives immunity from suit for any claim that is incident to, connected with, arises out of, or is germane to the suit or controversy brought by the State." *Id.* —— S.W.3d at ——, at *3. Based on the *Reata* decision, this court has held that a governmental entity's counterclaim seeking affirmative relief constitutes "an intentional relinquishment of any claim to governmental immunity." *City of Dallas v. Martin*, 140 S.W.3d 924, 925 (Tex.App.-Dallas 2004, no pet. h.); *City of Dallas v. Bargman*, No. 05–04–00316–CV, —— S.W.3d ——, ——, 2004 WL 2222510, at *3 (Tex.App.-Dallas Oct. 5, 2004, no pet. h.);

*City of Irving v. Inform Constr., Inc.*, 143 S.W.3d 371, 373 (Tex.App.-Dallas 2004, pet. filed). In *Inform Construction, Inc.*, we concluded that there was no distinction between an affirmative claim for relief filed by a third-party defendant, as in *Reata*, and a defendant filing a counterclaim for damages and held that the City waived its immunity from suit by filing counterclaims. *Inform Constr., Inc.*, 143 S.W.3d at 374. In *Bargman*, we concluded that the City waived immunity from suit by filing a counterclaim seeking actual damages. *Bargman*, —— S.W.3d at ——, 2004 WL 2222510, at *3. Under *Reata*, a governmental entity has a choice: to invoke the jurisdiction of the court by seeking affirmative relief or to challenge the court's subject matter jurisdiction over the dispute. *See City of Irving*, 143 S.W.3d at 375.

Grand Praire invoked the jurisdiction of the trial court by seeking affirmative relief. Grand Prairie's third-party action against Linbeck and Worscheh alleges negligent misrepresentation and statutory fraud. And Grand Prairie's counterclaims against Linbeck Construction allege joint enterprise or conspiracy liability based on the common ownership, control, and management of Texas NextStage and Linbeck Construction by Linbeck. Grand Prairie's request for declaratory judgment asks the trial court to declare that the lien is invalid, null and void, and to remove the lien as a cloud of title on the property. In its prayer for relief, Grand Prairie requests: (1) that Linbeck and Worscheh be summoned to appear and answer; (2) a judgment against Linbeck, Worscheh, and Linbeck Construction, jointly and severally, for all damages as pleaded; and (3) its

---

1. A motion for rehearing is pending with the Texas Supreme Court. Although the Texas Supreme Court's opinion is still subject to withdrawal or revision, we may not disregard it. *See City of Dallas v. Bargman*, No. 05–04–00316–CV, —— S.W.3d ——, ——, 2004 WL 2222510, at *3 (Tex.App.-Dallas Oct. 5, 2004, no pet. h.).

reasonable and necessary attorneys' fees, pre-judgment and post-judgment interest as allowed by law, costs of suit, and other and further relief, both general and specific, at law or in equity, to which Grand Prairie may be justly entitled. Grand Prairie filed its plea to the jurisdiction claiming it was immune from suit after it filed its third-party petition and counterclaim and a second amended answer that asserts sovereign immunity.[2]

The other parties' claims were incident to, connected with, arise out of, or are germane to Grand Prairie's counterclaim. *See Reata,* —— S.W.3d at ——, 2004 WL 726906, at *3; *see also City of Irving,* 143 S.W.3d at 375; *City of Dallas,* —— S.W.3d at ——, 2004 WL 2222510, at *3. In fact, Grand Prairie's third-party petition and counterclaims state, "Jurisdiction and venue have already been established in this Court, and [Grand Prairie's] claim [sic] arise out of and are related to the claims at issue in this suit."

We conclude the trial court did not err when it denied Grand Prairie's plea to the jurisdiction because Grand Prairie's assertion of its third-party petition and counterclaim constituted a waiver of its immunity from suit. We decide Grand Prairie's second issue against it.

### III.  CONCLUSION

The trial court did not err when it denied Grand Prairie's plea to the jurisdiction because by filing its third-party petition and counterclaim, Grand Prairie waived immunity from suit. The trial court's order denying Grand Prairie's plea to the jurisdiction is affirmed.

---

2.  Grand Prairie's original or first answer is not in the appellate record.