**Dwight DEQUIRE, Michael Felini, Terrance Hopkins, and Leroy Quigg, Appellants,**

v.

**The CITY OF DALLAS, Appellee.**

**No. 05–04–01865–CV.**

Court of Appeals of Texas, Dallas.

April 18, 2006.

Rehearing Overruled May 24, 2006.

Robert Charles Lyon, Lyon, Gorsky, Baskett, Haring, Gilbert & Cates, Rowlett, for appellants.

Barbara E. Rosenberg, Assistant City Attorney, Office of the City Attorney, Dallas, for appellee.

Before Justices O'NEILL, FITZGERALD, and LANG.

## OPINION ON MOTION FOR REHEARING

Opinion by Justice FITZGERALD.

We deny Appellee's Motion for Rehearing. On our own motion, we withdraw our opinion of March 3, 2006 and vacate our judgment of that date. This is now the opinion of the Court.

This is a governmental immunity case. Appellants Dwight Dequire, Michael Felini, Terrance Hopkins, and Leroy Quigg (collectively "Dequire") sued the City of Dallas for breach of contract and a related declaratory judgment. The City filed a plea to the jurisdiction, arguing governmental immunity. The trial court granted the plea. Dequire argues in this Court that the City's immunity from suit has been waived (1) by legislative action, and (2) by the City's invocation of the trial court's jurisdiction. We agree the City invoked the trial court's jurisdiction by making a claim for affirmative relief. We reverse the trial court's order on that ground.

### STANDARD OF REVIEW

The existence of subject-matter jurisdiction is a question of law. Thus, we review

de novo the trial court's ruling on a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex.2004).

### GOVERNMENTAL IMMUNITY

■■■ Governmental immunity protects governmental entities from lawsuits for damages absent legislative consent. *See Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). The doctrine embraces two distinct concepts: (1) immunity from suit, and (2) immunity from liability. *See id.* A governmental entity waives immunity from liability when it contracts with private citizens. *Id.* at 405–06.[1] Immunity from suit, on the other hand, is waived only through express consent. *See Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex.2002) ("Express consent is required to show that immunity from suit has been waived."); *see also* TEX. GOV'T CODE ANN. § 311.034 (Vernon 2005) ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.").

### WAIVING IMMUNITY BY INVOKING THE JURISDICTION OF THE COURT

■■■ The City's First Amended Answer in this suit included the following

request for general relief under the heading "PRAYER":

> Wherefore, premises considered, Defendant City of Dallas prays that Plaintiffs take nothing by this suit; that all relief requested by Plaintiffs be denied; that Defendant City of Dallas'[s] Special Exceptions be sustained; that Defendant City of Dallas recover all costs of suit and attorney's fees; and for such other and further relief, general or special, at law or in equity, to which it is ·justly entitled.

Dequire argues that this request for costs of suit and attorney's fees waived the City's immunity from suit. Dequire relies upon the holdings in *Reata Construction Corp. v. City of Dallas*, No. 02–1031, —— S.W.3d ——, 2004 WL 726906 (Tex. Apr. 2, 2004) (per curiam), and *City of Dallas v. Martin*, 140 S.W.3d 924 (Tex.App.-Dallas 2004, no pet.).[2]

The supreme court's opinion in *Reata* dictates when a governmental entity has waived its immunity from suit by invoking the jurisdiction of the trial court. The court described the issue it faced in *Reata* as: "whether a city waives its governmental immunity from suit *by intervening in a lawsuit to assert claims for affirmative relief.*" *Reata*, —— S.W.3d at ——, 2004

---

1. Dequire cites to the Police Department's Special Order No. 97–07 and to the City of Dallas Civil Service Board Code of Rules & Regulations, Rule XIV as contracts by which the City waived its immunity from liability, as opposed to immunity from suit. We need not address this contention. The City's plea sought dismissal of Dequire's suit based on a claim of immunity from suit.

2. The City argues we should not reach this argument because Dequire did not preserve it in the trial court. The City urges "there is no different requirement for raising immunity issues than any other complaint in the trial

court," and that Dequire has "waived" the argument. We disagree. Governmental immunity from suit implicates the trial court's subject matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). The Texas Supreme Court has declared that because "subject matter jurisdiction is essential to the authority of a court to decide a case, it cannot be waived and may be raised for the first time on appeal." *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex.2000) (court of appeals should have reached theories of subject matter jurisdiction although theories not raised in trial court).

WL 726906, at *1 (emphasis added). Ultimately, the court answered that question affirmatively. *See id.* at ——, 2004 WL 726906, at *2 ("To the extent the City enjoyed governmental immunity from suit with regard to Reata's claims, the City waived that immunity by intervening in the lawsuit and asserting claims for damages against Reata."). This Court has followed the *Reata* standard to determine whether a governmental entity has invoked the jurisdiction of the trial court and, thereby, waived its immunity from suit. *See, e.g., Martin,* 140 S.W.3d at 926 (City waived governmental immunity by filing counterclaim for affirmative relief); *City of Irving v. Inform Constr., Inc.,* 143 S.W.3d 371, 374 (Tex.App.-Dallas 2004, pet. filed) (City waived immunity by filing counterclaim requesting affirmative relief).

Our first inquiry, therefore, is whether the City's request for attorney's fees amounted to a claim for affirmative relief for purposes of waiving immunity from suit. *See Reata,* —— S.W.3d at ——, 2004 WL 726906, at *1. The supreme court has explained:

> To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it.

*BHP Petroleum Co. Inc. v. Millard,* 800 S.W.2d 838, 841 (Tex.1990). This definition of a claim for affirmative relief has its origins in the law of non-suit, but it has been adopted by courts applying *Reata's* rule concerning waiver of immunity. *See, e.g., Nat'l Enter., Inc. v. E.N.E. Props.,* 167 S.W.3d 39, 43 (Tex.App.-Waco 2005, no pet.) ("A claim for affirmative relief is stated if the counterclaim alleges a cause of action independent of the plaintiff's

claim."); *Ray Ferguson Interests, Inc. v. Harris County Sports & Convention Corp.,* 169 S.W.3d 18, 23 (Tex.App.-Houston [1st Dist.] 2004, no pet.) ("To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it.").

In this case, the City's pleadings do not urge a specific "counterclaim" against Dequire. Nor do the pleadings seek money damages or declaratory relief. *See Reata,* —— S.W.3d at ——, 2004 WL 726906, at *2 (immunity waived by City's assertion of claim for damages); *see also City of Dallas v. Saucedo–Falls,* 172 S.W.3d 703, 708 (Tex.App.-Dallas 2005, pet. filed) (counterclaim for attorney's fees considered claim for affirmative relief when made together with request for declaratory relief).

Courts have specifically concluded that a defensive claim for attorney's fees in a declaratory judgment action is a claim for affirmative relief. *See, e.g., Town of Flower Mound v. Upper Trinity Reg'l Water Dist.,* 178 S.W.3d 841, 844 (Tex.App.-Fort Worth 2005, no pet.); *Falls County v. Perkins & Cullum,* 798 S.W.2d 868, 871 (Tex.App.-Fort Worth 1990, no writ); *ECC Parkway Joint Venture v. Baldwin,* 765 S.W.2d 504, 514 (Tex.App.-Dallas 1989, writ denied).

■ Given this series of holdings concerning the nature of claims for attorney's fees, we conclude a defendant's counterclaim for attorney's fees, asserted in response to a plaintiff's declaratory judgment claim, is a claim for affirmative relief within the meaning of *Reata.*

■ Our second inquiry is whether a request for attorney's fees found only in the defendant's prayer will likewise func-

tion as a claim for affirmative relief for waiver-of-immunity purposes. The Declaratory Judgment Act does not require any particular form of request by a defendant seeking attorney's fees. The Act's provision for recovery of fees states in its entirety:

> In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.

TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997). General pleading rules appear to require the defendant's pleadings to include the request for attorney's fees in some form. *See Purvis Oil Corp. v. Hillin,* 890 S.W.2d 931, 939 (Tex.App.-El Paso 1994, no writ). In the child-support context, this Court has concluded that a request for fees in a prayer "fairly contemplated recovery" of those fees. *Tull v. Tull,* 159 S.W.3d 758, 762 (Tex.App.-Dallas 2005, no pet.) ("A general request for attorney's fees in the prayer of the pleading is itself sufficient to authorize the award of attorney's fees."); *see also Hardin v. Hardin,* 161 S.W.3d 14, 23–24 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (prayer sufficient to support fee award); *City of Holliday v. Wood,* 914 S.W.2d 175, 178 (Tex.App.-Fort Worth 1995, no writ) (prayer for fees sufficient to raise claim and to require city to plead affirmative defense of immunity from liability for fees). We conclude the principle underlying these cases should apply in the immunity context as well.

The City's prayer for attorney's fees is sufficient to support recovery of those fees under the Declaratory Judgment Act. Indeed, the City would have the very same recovery in this case, whether it had called its claim for fees a "Counterclaim" or, as it did, merely prayed to recover the fees. If the differently titled requests would have supported the same recovery, we see no reasonable basis for treating them differently for immunity purposes. Accordingly, the City's prayer for attorney's fees was sufficient to waive its immunity from suit.

### CONCLUSION

We conclude the City's immunity from suit has been waived by its claim for affirmative relief. Given our disposition of this issue, we need not address Dequire's second issue concerning waiver of immunity by legislative enactment. We reverse the order of the trial court and remand this cause for further proceedings.