Opinion issued October 18, 2007










In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00180-CV






WALLER COUNTY, TEXAS, Appellant


V.


JOHN SIMMONS, Appellee (1)






On Appeal from the 9th District Court

Waller County, Texas

Trial Court Cause No. 2004-06-5729





MEMORANDUM OPINION


 Appellant, Waller County ("the County"), sued for delinquent taxes on certain
real property. All named defendants were deceased. John Simmons ("Simmons"),
son and heir of Oscar Simmons, a named defendant, filed a motion for new trial,
which was uncontested by the County and granted by the trial court. Simmons also
filed a motion for attorney's fees, which was subsequently granted. We consider one
issue in this appeal: whether the trial court lacked subject-matter jurisdiction to award
attorney's fees against Waller County. Concluding that it did, we reverse the order
and remand the cause.

Background


 In August 2006, Waller County obtained a default judgment for delinquent
property taxes for property it determined was owned by Oscar Simmons. Simmons
filed a motion for new trial, which was unopposed, and that the trial court granted. 
Thereafter, Simmons filed a motion for attorney's fees that he sought to have heard
on November 27, 2006. Appellant filed a response contesting the issue of attorney's
fees and objecting to the hearing date. Appellant concurrently filed a motion for
continuance. 

 On November 28, the trial court entered an order that the County pay Simmons
$3,125.00 in attorney's fees. The County filed a motion to vacate the order and to
dismiss for lack of jurisdiction. On February 9, 2007, the trial court denied the
County's motion. The County brings this interlocutory appeal from the trial court's
denial of its motion to vacate and dismiss for lack of jurisdiction.

Our Jurisdiction


 Appellate courts have jurisdiction to consider immediate appeals of
interlocutory orders only if a statute expressly provides appellate jurisdiction. Stary
v. DeBord, 967 S.W.2d 352, 352-53 (Tex. 1998). Texas Civil Practice and Remedies
Code section 51.014(a)(8) allows for appeal from an interlocutory order that grants
or denies a plea to the jurisdiction. Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8) (Vernon Supp. 2006). We construe the County's motion to dismiss and
to vacate for want of jurisdiction as a plea to the jurisdiction. See Klein v. Hernandez,
No. 01-06-00569-CV, 2007 WL 2264539, at *13 (Tex. App.--Houston [1st Dist.]
Aug. 3, 2007, no pet. h.) (construing motion to dismiss for lack of jurisdiction as plea
to jurisdiction); Young v. Villegas, 231 S.W.3d 1, 3 (Tex. App.--Houston [14th Dist.]
2007, pet. filed) (treating motion to dismiss for lack of subject-matter jurisdiction as
plea to jurisdiction).

 Standard of Review


 Subject-matter jurisdiction is essential for a court to have the authority to
resolve a case, and trial courts lack such jurisdiction over a governmental unit that is
immune from suit. See Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638-39 (Tex.
1999). A party may challenge a court's subject-matter jurisdiction by filing a plea to
the jurisdiction. Id. at 638. We review the trial court's ruling on such a plea de novo
because jurisdiction is a question of law. Mayhew v. Town of Sunnyvale, 964 S.W.2d
922, 928 (Tex. 1998). 

Immunity

 When performing governmental functions, political subdivisions of the state
enjoy governmental immunity. City of Galveston v. State, 217 S.W.3d 466, 469 (Tex.
2007). Governmental immunity derives from, or is an aspect of, the state's sovereign
immunity. See Reata Constr. Corp. v. City of Dallas ("Reata II"), 197 S.W.3d 371,
374 (Tex. 2006); Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex.
2003). Governmental immunity protects municipalities against lawsuits for "money
damages." See City of Galveston, 217 S.W.3d at 468; Reata II, 197 S.W.3d at 374;
Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 853 (Tex.
2002). Governmental immunity encompasses two principles: immunity from being
sued and immunity from liability. IT-Davy, 74 S.W.3d at 853. When clothed with
governmental immunity, municipalities enjoy immunity from suit unless expressly
waived by the legislature. City of Galveston, 217 S.W.3d at 469; Reata II, 197
S.W.3d at 374. Immunity from suit deprives a trial court of subject-matter
jurisdiction. Reata II, 197 S.W.3d at 374.

 In Reata II, the supreme court held that a governmental entity that brings suit
for monetary damages against a private entity does not have immunity as to the
private entity's claims that are "germane to, connected with, and properly defensive
to the [governmental entity]'s claims, to the extent [the private entity]'s claims offset
those asserted by the [governmental entity]." Id. at 373. The supreme court noted
that, generally, a lack of immunity hampers governmental functions by requiring tax
resources to be used for defending lawsuits and for paying judgments, rather than for
their intended purposes. Id. at 375; see also Sweeny Cmty. Hosp. v. Mendez, 226
S.W.3d 584, 590 (Tex. App.--Houston [1st Dist.] 2007, no pet.). The supreme court
reasoned, however, that "if the governmental entity interjects itself into or chooses
to engage in litigation to assert affirmative claims for monetary damages, the entity
will presumably have made a decision to expend resources to pay litigation costs." 
Id. Thus, "a determination that a governmental entity's immunity from suit does not
extend to a situation where the entity has filed suit is consistent with the policy issues
involved with immunity." Id. The supreme court concluded, "If the opposing party's
claims can operate only as an offset to reduce the government's recovery, no tax
resources will be called upon to pay a judgment, and the fiscal planning of the
governmental entity should not be disrupted." Id. "[I]t would be fundamentally
unfair to allow a governmental entity to assert affirmative claims against a party while
claiming it had immunity as to the party's claims against it." Id. at 375-76.
 Reata II has two dimensions of analysis: first, the party's claim must be
sufficiently related to the governmental unit's affirmative claim for relief, and second,
the party's amount of a claim for damages against the governmental entity is
restricted to the amount that the governmental entity will actually recover. Sweeny
Cmty Hosp., 226 S.W.3d at 592.

 Did Waller County Waive Immunity?


 There are many instances where a trial court has discretion to award attorney's
fees. A party to a civil suit brought by or against a state agency, in which the agency
asserts a cause of action against the party, is entitled to recover, in addition to all
other costs allowed by law or rule, fees, expenses, and reasonable attorney's fees
incurred by the party in defending the agency's action if: (1) the court finds that the
action is frivolous, unreasonable, or without foundation, and (2) the action is
dismissed or judgment is awarded to the party. Tex. Civ. Prac. & Rem. Code Ann.
§ 105.002 (Vernon 2005). Further, many statutory provisions specifically allow
either party to recover attorney's fees under appropriate circumstances. See, e.g.,
Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997) ("In any proceeding
under this chapter, the court may award costs and reasonable and necessary
attorney's fees as are equitable and just." (emphasis added)); DeQuire v. City of
Dallas, 192 S.W.3d 663, 666 (Tex. App.--Dallas 2006, no pet.) (request for
attorney's fees in declaratory judgment is affirmative request for relief); Tex. Educ.
Agency v. Leeper, 893 S.W.2d 432, 446 (Tex. 1994) (UDJA waives immunity from
suit for attorney's fees).

 Unlike other statutory provisions which specifically allow the trial court to
award attorney's fees to either party, Chapter 33 of the Tax Code, under which the
County brought suit in the instant case, does not provide for a taxpayer to recover
attorney's fees. (2) Carrollton-Farmers Branch Indep. Sch. Dist. v. JPD, Inc., 168
S.W.3d 184, 188 (Tex. App.--Dallas 2005, no pet.). It does, however, provide that
"a taxing unit is entitled to recover" attorney's fees in a suit to collect delinquent
taxes. Tex. Tax Code Ann. § 33.48 (Vernon 2001 & Supp. 2006). The fees which
a taxing unit is entitled to recover are "a charge against the property . . . and shall be
collected out of the proceeds of the sale of the property. . . ." Id. § 33.48(b). 
Moreover, section 33.49(a) states that, "except as provided by Subsection (b), a
taxing unit is not liable in a suit to collect taxes for court costs, including any fees for
service of process, an attorney ad litem, arbitration, or mediation, and may not be
required to post security for costs." Tex. Tax Code Ann. § 33.49(a) (Vernon 2001). 
Essentially, through sections 33.48 and 33.49 of the Tax Code, the Legislature has
adopted a rule which allows a taxing unit to recover attorney's fees but does not allow
it to be liable for them. Because sections 33.48 and 33.49 limit the recovery of
attorney's fees in a delinquent tax suit to those recovered by the taxing unit, the trial
court was not authorized to award attorney's fees to Simmons under the Tax Code.

 Furthermore, we agree with the County that a suit to recover delinquent taxes
is, by its very nature, not a claim for monetary damages, but rather a foreclosure of
a lien. See Tex. Tax Code Ann. § 32.01 (Vernon 2001). Because the suit brought
by the governmental unit is not one for monetary damages, governmental immunity
is not waived under Reata II. Reata II, 197 S.W.3d at 375 ("[I]f the governmental
entity interjects itself into or chooses to engage in litigation to assert affirmative
claims for monetary damages, the entity will presumably have made a decision to
expend resources to pay litigation costs." (emphasis added)). 

 The legislature has expressly preserved absolute sovereign immunity for
governmental units in the collection of taxes. City of Houston v. First City, 827
S.W.2d 462, 481 (Tex. App.--Houston [1st Dist.] 1992, writ denied). A statute is
construed to waive a governmental entity's immunity from suit only if the waiver is
by clear and unambiguous language. MHCB (USA) Leasing and Fin. Corp. v.
Galveston Cent. Appraisal Dist., No. 01-06-00529-CV, 2007 WL 2743487, at *10-11
(Tex. App.--Houston [1st Dist.] Sept. 20, 2007, no pet.) (citing Tex. Gov't Code
Ann. § 311.034 (Vernon 2005); City of LaPorte v. Barfield, 898 S.W.2d 288, 291
(Tex. 1995)). Because we find no such language regarding suits for delinquent taxes
filed under Chapter 33 of the Tax Code, (3) we determine that the County did not waive
its governmental immunity from suit with regard to the attorney's fees ordered by the
trial court. The trial court, therefore, erred in denying the County's plea to the
jurisdiction. 

Conclusion


 Having determined that the trial court lacked jurisdiction to award attorney's
fees against the County, we reverse the order of the trial court and remand the cause
for further proceedings consistent with this opinion.

 


 Tim Taft

 Justice

 

Panel consists of Justices Taft, Hanks, and Higley.




 
1. In its original petition, Waller County named the deceased Oscar C. Simmons
and others not discernable from the limited record on appeal as defendants and
served them by posted citation. The trial court appointed an ad litem to
represent unknown heirs. John Simmons, a discernable heir of Oscar C. 
Simmons, is the only heir relevant to this proceeding. 
2. Where there is a conflict between a general provision and a special or local
provision and it is irreconcilable, the special or local provision prevails. Tex.
Gov't Code Ann. § 311.026(b) (Vernon 2005). Sections 33.48 and 33.49 of
the Tax Code specifically apply to suits for delinquent taxes. 
3. This is distinguishable from other provisions of the Tax Code, which allow the
taxpayer to seek an award of attorney's fees. See, e.g., Tex. Tax Code Ann.
§ 42.29 (Vernon 2001).