**KAUFMAN COUNTY and The Kaufman County Commissioners Court, Appellants/Cross–Appellees**

v.

**Terry CROW d/b/a Terry Crow Sand and Gravel, Appellee/Cross–Appellant.**

No. 05–04–01844–CV.

Court of Appeals of Texas, Dallas.

Nov. 28, 2005.

Charles R. Kimbrough, Bickerstaff, Heath, Smiley, Pollan, Kever & McDani, Austin, for Appellant.

Ted B. Lyon, Jr., and Brian P. Lauten, Ted B. Lyon & Associates, P.C., Mesquite, for Appellee.

Before Justices FITZGERALD, LANG-MIERS, and MAZZANT.

## OPINION

Opinion by Justice FITZGERALD.

Kaufman County and the Kaufman County Commissioners Court appeal the denial of their plea to the jurisdiction to the suit brought against them by Terry Crow d/b/a Terry Crow Sand and Gravel. Crow appeals the granting of the County's motion for summary judgment and the denial of his motion for summary judgment. We affirm the trial court's judgment.

## BACKGROUND

Crow is the sole proprietor of a road work and hauling contractor in Kaufmann County. County Commissioners Ivan Johnson and Rhea Fox often called on Crow to perform road work in their districts. Although no bids were solicited for the work, and Crow did not have written contracts with the County for the work, Commissioners Fox and Johnson would see to it that the County paid Crow for the work he performed at their request. At their instruction, he kept each invoice submitted under $25,000.

Under the County Purchasing Act, the County is required to use competitive methods, including competitive bidding, for most contracts requiring an expenditure of more than $25,000. TEX. LOCAL GOV'T CODE ANN. § 262.023(a) (Vernon Supp.2005). Any purchases made separately or sequentially in an attempt to avoid the requirements of the Act are treated as if part of a single purchase. *Id.* § 262.023(c).

In January 2004, Crow submitted fifteen invoices for hauling and road work in Commissioners Johnson and Fox's districts totaling $283,706. The County Auditor, Suzanne Chance, approved payment of $10,881 for work for which Crow had submitted a bid and received a contract from the County. Chance rejected payment of

the remaining $272,825. Of Crow's fifteen invoices, nine of them were for $20,000 or more, and five of them were for $24,000 or more but less than $25,000. A total of $112,911 of invoices concerned one road (county road 346) and $120,579 concerned another (county road 313). In her affidavit, Chance stated she rejected payment of Crow's invoices because (1) Crow did not have a contract with the County for the work and (2) "a reasonable belief existed that payment of said invoices would constitute a violation of the competitive bidding statutes, pursuant to Chapter 262 of the Texas Local Government Code."

At the February 9, 2004 meeting of the Commissioners Court, Commissioners Jim Deller and Ken Leonard and County Judge Wayne Gent voted "to not pay payment of held bills from Terry Crow in the amount of $272,825.00." Commissioners Fox and Johnson abstained.

After the County denied payment, Crow filed suit alleging a constitutional taking of his property for public use by the County for which he was entitled to just compensation under article I, section 17 of the Texas Constitution. The County filed a general denial and asserted a counterclaim demanding compensation for its attorney's fees and expenses in defending against Crow's suit. The County subsequently nonsuited the counterclaim. The County also asserted it was immune from suit and moved to dismiss the cause for want of jurisdiction. Both the County and Crow filed motions for summary judgment on whether the County's actions constituted a constitutional "taking" of Crow's property. The trial court denied the County's motion to dismiss for want of jurisdiction, granted the County's motion for summary judgment, denied Crow's motion for summary judgment, and rendered judgment that Crow take nothing against the County.

Both the County and Crow now appeal the trial court's final judgment.

## IMMUNITY

The County brings seven issues asserting the trial court erred in denying the County's plea to the jurisdiction. The first six issues concern the merits of Crow's cause of action. The seventh issue asserts the trial court erred in determining the County waived its immunity from suit by filing a counterclaim for attorney's fees against Crow.

In Texas, sovereign immunity deprives a trial court of subject-matter jurisdiction over lawsuits against the State or other governmental units unless the State consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex.2004). Whether a court has subject-matter jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226; *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex.2002).

In *Reata Construction Corp. v. City of Dallas*, —— S.W.3d ——, No. 02-1031, 2004 WL 726906 (Tex. Apr.2, 2004) (mtn. for reh'g granted), the supreme court held that "by filing a suit for damages, a governmental entity waives immunity from suit for any claim that is incident to, connected with, arises out of, or is germane to the suit or controversy brought by the State." *Id.* at ——, 2004 WL 726906, at *3. The County argues that the waiver doctrine set out in *Reata* does not apply to claims for attorney's fees. The County also argues the waiver doctrine does not apply because it abandoned the counterclaim. In *City of Dallas v. Saucedo-Falls*, 172 S.W.3d 703 (Tex.App.-Dallas 2005, pet. filed), we rejected similar arguments from the City of Dallas and concluded that the government's ultimately nonsuited claim for attorney's fees waived

the government's immunity from suit. *Id.* at 708.

Based on the supreme court's waiver-of-immunity doctrine set out in *Reata,* and this Court's application of that doctrine in *Saucedo–Falls,* we conclude the County waived its immunity from suit. We hold the trial court did not err in denying the County's plea to the jurisdiction. We overrule the County's seventh issue. Because resolution of the seventh issue disposes of the County's appeal, we do not address the County's first six issues. *See* Tex.R.App. P. 47.1.

## CONSTITUTIONAL TAKING

Crow's third issue[1] asserts the trial court erred in granting the County's motion for summary judgment and denying Crow's motion for summary judgment on Crow's cause of action alleging the County took Crow's property for public use without adequate compensation in violation of article I, section 17 of the Texas Constitution.

■ The standard for reviewing a summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A party moving for summary judgment has the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972). After the movant has established a right to summary judgment, the burden shifts to the nonmovant to present evidence creating a fact issue. *Kang v. Hyundai Corp.,* 992 S.W.2d 499, 501 (Tex. App.-Dallas 1999, no pet.). On cross-motions for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News,* 22 S.W.3d 351, 356 (Tex.2000). When the trial court grants one motion and denies the other, the reviewing court should determine all questions presented. *Id.*

■ Article 1, section 17 of the Texas Constitution provides, "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." Tex. Const. art. I, § 17. To prove a taking, Crow had to prove (1) the County intentionally performed certain acts (2) that resulted in a "taking" of property (3) for public use. *See id.; Gen. Servs. Comm'n v. Little–Tex. Insulation Co.,* 39 S.W.3d 591, 598 (Tex. 2001). A taking of personal property occurs when the government acts intentionally under its powers of eminent domain to appropriate the property for public use. *See Smith v. Lutz,* 149 S.W.3d 752, 760–61 (Tex.App.-Austin 2004, no pet.); *cf. Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 933 (Tex.1998) (physical taking of real property occurs when government authorizes unwarranted physical occupation of property).

■ Crow contends the trial court erred in granting summary judgment for the County because, he asserts, he conclusively established that the County took his labor and materials without his consent and without providing adequate compensation. The County moved for summary judgment on several grounds, including the assertion that there was no taking because the County engaged in no intentional act resulting in a taking of Crow's labor and materials. Whether a particular set of facts constitutes a taking under the

---

1. Crow's first and second issues do not assert trial court error but are responsive to the County's issues.

Texas Constitution is a question of law. *Gen. Servs. Comm'n,* 39 S.W.3d at 598; *Mayhew,* 964 S.W.2d at 937.

The undisputed facts show Crow had previously performed work for the County at the request of Commissioners Fox and Johnson without a contract and that his invoices for this work were paid by the County. Concerning the invoices at issue, Crow, at the request of Commissioners Fox and Johnson and without having a contract with the County, provided materials and labor that enhanced the County's roads for the public use. He voluntarily provided the labor and materials under the assumption that his invoices would be paid by the County as they had been in the past.[2] The County Auditor rejected Crow's non-contractual claims, and the Commissioners Court voted to deny payment of the claims. The County asserts these facts show lack of an intentional act by the County to take Crow's materials and labor.

The actions by County personnel were: (1) Commissioners Fox and Johnson's requests to Crow to perform the road work, (2) the County Auditor's denial of Crow's claim, and (3) the Commissioners Court's vote not to pay Crow. The first action, the requests by Commissioners Fox and Johnson, were not actions of the County because "the individual commissioners have no authority to bind the county by their separate action." *Canales v. Laughlin,* 147 Tex. 169, 176, 214 S.W.2d 451, 455 (1948).

The County Auditor's affidavit establishes that her denial of the claim was pursuant to a question of the legality of the payment under the County Purchasing Act. *See* TEX. LOCAL GOV'T CODE ANN. § 113.065 (Vernon 1999) ("The county auditor may not audit or approve a claim unless the claim was incurred as provided by law."); Op. Tex. Att'y Gen. No. GA–0247 (2004) (Local Gov't Code § 113.065 prohibits county auditor from approving claim for payment on contract obtained in

2. Crow testified as follows:
Q. . . . Originally, the first petitions that were filed by you in this case allege contract claims, in part.
A. I never had a contract.

\* \* \*

Q. . . . Would you agree with me that you did the work on the roads in the belief that when you submitted an invoice the invoice would be paid by Kaufman County?
A. The commissioner tells me to do the work. When I get finished, they always paid me. Always.
Q. So, your answer is, yes, to my question. Do you want me to ask it again? Here's— let's start over. It's clear that you did work on the roads, yes?
A. Yes.
Q. And you did the work on the roads before you submitted the invoices marked 1 through 15—Deposition Exhibits?
A. Before I done the work?
Q. Yes.
A. I submitted the bills after the work was done.

Q. Yes, sir. You did the work, then submitted the bills, true?
A. Yes.

\* \* \*

Q. No one put a gun to your head and said that you must do this, correct?
Q. Correct?
A. Nobody put a gun, no.
Q. No one threatened you in order to do these jobs, true?
A. No.
Q. You made a business choice to do the jobs upon the belief that you would get paid at the end, true?
A. Yes.
Q. All right. And the belief that you would get paid was based on your prior business dealings with *Kaufman County?*
A. Yes.
(Objections to form omitted.)
As to each job, Crow explained, "The commissioner asked me to do it. If I didn't think I wasn't going to get paid, I wouldn't have done it."

violation of County Purchasing Act). When a governmental entity refuses to pay for completed work in a contract dispute, the failure to pay is not a constitutional taking because the government did not intend to act under its power of eminent domain. *See, e.g., Gen. Servs. Comm'n,* 39 S.W.3d at 598–99. Likewise, in this case, when the County Auditor refused to approve Crow's claims for payment, her intent was to act under her authority not to pay illegal claims.

Finally, the summary judgment evidence establishes the Commissioners Court did not intend to act under its power of eminent domain when it voted not to pay Crow's claims. Under section 113.064 of the Texas Local Government Code, "A claim, bill, or account may not be allowed or paid until it has been ... approved by the auditor." TEX. LOCAL GOV'T CODE ANN. § 113.064(a) (Vernon 1999). Here, the County Auditor rejected Crow's claim, so the Commissioners had no authority to approve it. *See Wyatt Metal & Boiler Works v. Lipscomb,* 87 S.W.2d 331, 332 (Tex.Civ.App.-Texarkana 1935, writ ref'd); *Smith v. McCoy,* 533 S.W.2d 457, 459 (Tex. Civ.App.-Dallas 1976, writ dism'd). Without authority to approve the claim, the Commissioners Court had no alternative to rejection of the claim, and the rejection of the claim is not evidence of intent to take Crow's labor and materials.

We conclude the County conclusively established its lack of intent to take Crow's labor and materials, and we hold the trial court did not err in granting summary judgment on this ground and denying Crow's motion for summary judgment. We overrule Crow's third issue.

## PREEMPTION

Crow's fourth issue asserts the trial court erred in granting summary judgment because its ruling required preemption of article I, section 17 of the Texas Constitution by the County Purchasing Act.

■ Crow contends that the County's reliance on the County Purchasing Act "enforces a statute upon Crow at the expense of Crow's constitutional rights under the takings clause" of article I, section 17. Crow argues, "To the extent the County's argument conflicts with and results in the deprivation of Crow's rights to be reimbursed under the takings clause, the latter trumps." The County Purchasing Act does not "result[ ] in the deprivation of Crow's rights to be reimbursed" under article I, section 17. It is the lack of any intentional act by the County constituting a taking that prevents Crow from recovering under the constitution. We conclude the County's reliance on the County Purchasing Act did not result in the Act preempting article I, section 17.

Crow next argues the County's assertion of the County Purchasing Act was a "red herring" because the competitive requirements of the Act apply only to contracts and he did not have a contract with the County. *See* TEX. LOCAL GOV'T CODE ANN. § 262.023(a) ("Before a county may purchase one or more items *under a contract*" (emphasis added) requiring expenditure exceeding $25,000, county must comply with competitive requirements). However, even if the competitive requirements do not apply in the absence of a contract, that would mean only that the County Auditor was incorrect in determining that payment of the invoices would violate the Act. Her mistake, if any, does not create an intentional act by the County taking Crow's materials and labor. *See City of Tyler v. Likes,* 962 S.W.2d 489, 505 (Tex.1997) ("mere negligence which eventually contributes to the destruction of property is not a taking.").

Finally, Crow argues that his materials and labor have resulted in improved roads and that "he should not be forced to individually endure that which is an appropriate public burden: the reasonable costs of safe public roads." The County's failure to compensate Crow for his materials and labor may work a hardship on Crow and provide a windfall to the County, but the cause of action under which Crow chose to pursue relief, article I, section 17 of the Texas Constitution, does not provide a remedy in this case. We overrule Crow's fourth issue.

We hold the trial court did not err in granting the County's motion for summary judgment and denying Crow's motion for summary judgment.

We affirm the trial court's judgment.