**CITY OF DALLAS, Appellant,**

v.

**SAUCEDO–FALLS, Gassaway, Gray, Martinez, McClain, Neill, Simpson, Turnage, Villareal, Waldrop, Tanksley, Pruitt, and Anderson, Appellees.**

No. 05–04–01368–CV.

Court of Appeals of Texas, Dallas.

Aug. 16, 2005.

Rehearing Overruled Sept. 30, 2005.

Karen Jyllane Tracy, Office of City Atty., Madeleine B. Johnson, City Atty., and Barbara E. Rosenberg, Asst. City Atty., Dallas, TX, for Appellant.

Bob Gorsky and Robert Charles Lyon, Lyon, Gorsky, Baskett, Haring, Gilbert & Cates, Rowlett, TX, for Appellee.

Before Justices MORRIS, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

This is an interlocutory appeal of the trial court's denial of the City of Dallas's plea to the jurisdiction. The City contends that the trial court (1) erred in denying its plea to the jurisdiction and (2) abused its discretion in excluding two of the City's exhibits. We affirm the trial court's order denying the City's plea to the jurisdiction.

## BACKGROUND

Eleven police officers ("plaintiff employees"), including eight deputy chiefs and three assistant chiefs, sued the City because they did not get a pay raise they contend they were promised by the City.[1] They contended that Resolution no. 02–0982 ("the Resolution"), passed by the City Council, was a binding resolution directing the City Manager to include a five-percent pay increase in the base salary of each sworn police officer and firefighter in the fiscal year 2002–2003 City budget. The resolution was to take effect only if a pay referendum calling for a seventeen-percent increase in base salary for all sworn officers and firefighters was defeated. When the pay referendum was defeated, the City Council budgeted a five-percent pay raise for sworn police officers and firefighters, but did not budget a pay raise for employees in the ranks of Deputy Chief, Assistant Chief, and Chief of Police. The plaintiff employees contended that this action by the City violated the Resolution and sued for actual damages and attorney's fees. In the alternative, they asked the court to judicially construe the Resolution and its

---

1. One of the deputy chiefs subsequently non-suited his claims.

effect on their employment contracts with the City.

The City filed an answer and counterclaim asking the court to enter a judgment declaring that the City had no liability to the plaintiff employees arising out of the Resolution and that the Resolution was not binding on the City and also seeking attorney's fees and costs pursuant to Texas Civil Practice and Remedies Code section 37.009.

The plaintiff employees amended their petition to add as plaintiffs three fire department chiefs who had also been excluded from the five-percent pay increase. The City amended its answer, and did not reassert its counterclaim. Then the plaintiff employees amended their petition a second time to add a claim that the failure to give them a pay increase violated city ordinance no. 16084 ("the Ordinance"), enacted by the City in 1979. They argued that the Ordinance required the City to maintain a certain percentage pay differential between grades in the sworn ranks of the Dallas Police Force and that the City's failure to give these plaintiffs a pay increase when they gave others pay increases violated the Ordinance.

After filing its original answer and counterclaim and before filing the first amended original answer which dropped the counterclaim, the City filed a plea to the jurisdiction, asserting that the plaintiff employees had not affirmatively demonstrated waiver of governmental immunity from suit. In response, the plaintiff employees contended that the City's immunity was waived (1) by section 51.075 of the Texas Local Government Code and the Dallas City Charter; (2) by entering into employment contracts with the employees and by accepting and retaining the benefit of their labor under those contracts; and (3) by enacting the 1979 Ordinance. During a hearing on the plea to the jurisdiction, the trial court also heard argument on whether the City's non-suited counterclaim waived its immunity from suit. The trial court denied the plea to the jurisdiction.

## IMMUNITY FROM SUIT

In its first issue, the City contends that the trial court erred in denying its plea to the jurisdiction because (1) section 51.075 of the Texas Local Government Code and the Dallas City Charter do not waive immunity from suit; (2) passage of the 1979 Ordinance did not waive immunity from suit; (3) the City's nonsuited claim for declaratory judgment did not waive the City's immunity from suit; and (4) the plaintiff employees failed to plead facts that would constitute a cause of action for breach of contract. We conclude the City waived its immunity from suit by filing its counterclaim and overrule its first issue.

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea by which a party may challenge a court's authority to determine the subject matter of an action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). Whether a trial court has subject matter jurisdiction is a question of law to be reviewed de novo. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002). In performing this review, we do not look to the merits of the plaintiff's case but consider only the pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002) (citing *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex.2001)). When determining whether there is a clear and unambiguous waiver of immunity from suit, we resolve any ambiguity in favor of retaining immunity. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex.2003).

## APPLICABLE LAW

 Governmental immunity protects governmental entities from lawsuits for damages absent legislative consent. *See Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997), *superseded by statute on other grounds as stated in Gen. Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 593 (Tex.2001). The sovereign immunity of the State inures to the benefit of a municipality to the extent the municipality engages in the exercise of governmental functions. *City of Tyler v. Likes*, 962 S.W.2d 489, 501 (Tex.1997). The doctrine of sovereign immunity embraces two distinct concepts: (1) immunity from suit, and (2) immunity from liability. *See Fed. Sign*, 951 S.W.2d at 405.

 Immunity from suit bars a lawsuit against a governmental entity unless the governmental entity expressly gives its consent to the suit. *See Fed. Sign*, 951 S.W.2d at 405. A governmental entity may consent to suit by statute or by legislative resolution. *See Fed. Sign*, 951 S.W.2d at 405. Legislative consent to suit must be expressed by clear and unambiguous language. TEX. GOV'T CODE ANN. § 311.034 (Vernon 2005); *Travis County v. Pelzel & Assocs. Inc.*, 77 S.W.3d 246, 248 (Tex.2002); *Fed. Sign*, 951 S.W.2d at 405. A governmental entity may also waive immunity by filing suit. *Reata Construction Corp. v. City of Dallas*, 47 Tex. Sup.Ct. J 408, 2004 WL 726906 (Tex. Apr. 2, 2004) (per curiam) (mo. for reh'g filed)

## WAIVER BY FILING COUNTERCLAIM

 The City contends that its non-suited counterclaim for declaratory judgment did not waive its immunity from suit. In the counterclaim, the City sought a declaratory judgment and to recover attorney's fees and costs as follows:

Dallas requests the Court to enter a judgment declaring that Dallas has no liability to Plaintiffs arising out of Resolution 02–0982, and that such Resolution is not binding upon Dallas.

Dallas also is entitled to recover from the Plaintiffs, and hereby sues for, reasonable attorneys fees and costs pursuant to Texas Civil Practice and Remedies Code section 37.009.

The City argues that this counterclaim was not a request for affirmative relief, that it was defensive in nature, that the plaintiff employees' claims are not germane to the City's counterclaim, and that its counterclaim should not waive its immunity from suit.

The supreme court has held that "by filing a suit for damages, a governmental entity waives immunity from suit for any claim that is incident to, connected with, arises out of, or is germane to the suit or controversy brought by the State." *See Reata*, 2004 WL 726906, at *3. Based on the *Reata* decision, this court has held that a governmental entity's counterclaim seeking affirmative relief constitutes "an intentional relinquishment of any claim to governmental immunity." *City of Dallas v. Martin*, 140 S.W.3d 924, 925 (Tex.App.-Dallas 2004, no pet. h.); *City of Dallas v. Bargman*, —— S.W.3d ——, ——, No. 05–04–00316–CV, 2004 WL 2222510, at *3 (Tex.App.-Dallas Oct.5, 2004, no pet. h.); *City of Irving v. Inform Constr., Inc.*, 143 S.W.3d 371, 373 (Tex.App.-Dallas 2004, pet. filed). In *Inform Construction, Inc.*, we concluded that there was no distinction between an affirmative claim for relief filed by a third-party defendant, as in *Reata*, and a defendant filing a counterclaim for damages and held that the City waived its immunity from suit by filing counterclaims. *Inform Constr., Inc.*, 143 S.W.3d at 374. In *Bargman*, we concluded that the City waived immunity from suit by

filing a counterclaim seeking actual damages. *Bargman*, at ——, 2004 WL 2222510, at *3.

■■■ The City notes that the Texas Supreme Court's opinion in *Reata* has not been released for publication and is subject to revision or withdrawal and contends the case is questionable and wrongly decided. But we are not at liberty to disregard an opinion by the Texas Supreme Court even if it is subject to withdrawal or revision. *In re K.M.S.*, 91 S.W.3d 331 (Tex.2002) (per curiam); *Bargman*, at ——, 2004 WL 2222510, at *3.

The City also contends that even applying *Reata*, the City did not waive immunity from suit in this case because its "nonsuited counterclaim for declaratory judgment is not a request for affirmative relief." The City relies on *Republic Ins. Co. v. Davis*, 856 S.W.2d 158 (Tex.1993) to assert that the declaratory judgment action is not an action for affirmative relief. That case involved a decision about whether filing a declaratory judgment claim constituted offensive use of the attorney client privilege resulting in waiver of the privilege. *Davis*, 856 S.W.2d at 164. The court held that a declaratory judgment action is not necessarily an action for affirmative relief and that Republic's declaratory judgment claim did not seek affirmative relief. *Id.* The court concluded that the privilege was not waived by filing the declaratory judgment claim because it did not involve offensive use of the privileged information. *Id.*

Here, the City seeks a declaration of rights as well as recovery of attorney's fees and costs. A counterclaim for attorney's fees is considered a claim for affirmative relief. *See Falls County v. Perkins & Cullum*, 798 S.W.2d 868, 871 (Tex.App.-Fort Worth 1990, no writ) (holding that a request seeking attorney's fees made in Declaratory Judgments Act case is claim

for affirmative relief); *see also In re C.A.S.*, 128 S.W.3d 681, 686 (Tex.App.-Dallas 2003, no pet.) (stating that claims in an amended answer seeking reimbursement of insurance premiums and recovery of attorney's fees qualify as claims for affirmative relief requiring payment of a filing fee for counterclaims); *In re Frost Nat'l Bank*, 103 S.W.3d 647, 650 (Tex.App.-Corpus Christi 2003, no pet.) (stating that general rule is that counterclaim for attorney's fees by defendant is claim for affirmative relief); *ECC Parkway Joint Venture v. Baldwin*, 765 S.W.2d 504, 514 (Tex. App.-Dallas 1989, writ denied) (stating that a claim for attorney's fees is a claim for affirmative relief). As a result, we conclude the City's counterclaim requested affirmative relief.

■■■ The City also argues that filing the counterclaim should not result in a waiver of jurisdiction on all of plaintiff's claims. The City notes that after it nonsuited its counterclaims, the plaintiff employees added claims based on the Ordinance. It argues that its nonsuited counterclaim should not forever waive its immunity from suit for claims that had not been asserted at the time of the nonsuit. But the City cannot avoid the consequences of its actions by attempting to undo its act of waiver. *City of Dallas v. Albert*, 140 S.W.3d 920, 922 (Tex.App.-Dallas 2004, no pet.). The long-standing rule in Texas is that where jurisdiction is lawfully and properly acquired, no subsequent fact or event in the particular case can serve to defeat the jurisdiction. *Id.* at 922 (citing *DISD v. Porter*, 709 S.W.2d 642, 643 (Tex.1986)).

■■■ The City also contends that the plaintiff employees' added claims under the Ordinance are not germane to the City's request for an interpretation under the resolution as *Reata* requires. In com-

mon usage, the term "germane" means "closely akin" and "being at once relevant and appropriate," Merriam–Webster's Collegiate Dictionary 525 (11th ed.2004), and "closely or significantly related," "relevant," and "pertinent," Random House Unabridged Dictionary 800 (2d ed.1993). *See City of Dallas v. Redbird Develop. Co.,* 143 S.W.3d 375, 381 (Tex.App.-Dallas 2004, no pet.). This court has interpreted germane broadly to include claims that "arise from the same transaction" and that "depend[ ] on facts pertinent to the parties' conduct regarding the same" transaction. *Id.* at 383. The City's claims and the plaintiff employees' claims arise from the same transaction: the exclusion of the plaintiff employees from the five-percent pay increase budgeted for the fiscal year 2002–2003. Resolution of the rights of the parties depends on facts pertinent to the City's conduct regarding this exclusion and the added claims are germane to the matter in controversy. *See id.*

We conclude the City waived its immunity from suit by asserting its counterclaim and that the trial court did not err in denying the City's plea to the jurisdiction. Because this conclusion is dispositive of the City's first issue, we need not discuss the City's arguments regarding section 51.075 of the Texas Local Government Code, the Dallas City Charter, passage of the Ordinance, and the plaintiff employees' alleged failure to plead facts that would constitute a cause of action for breach of contract. We overrule the City's first issue.

### THE CITY'S EXHIBITS

In its second issue, the City contends that the trial court abused its discretion in excluding two of the City's exhibits when determining the plea to the jurisdiction. During a hearing on the plea to the jurisdiction, the City offered a *Dallas Morning News* article and a flyer that had been mailed to potential voters concerning the pay referendum. In response to the plaintiff employees' hearsay objections, the City contended that it was offering the exhibits to show that the plaintiff employees had fraudulently alleged that the public was led to believe the Resolution was binding. The trial court sustained the employees' objections.

The exclusion of evidence is a matter within the discretion of the trial court. *Owens–Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex.1998). A court deciding a plea to the jurisdiction is not required to look solely to the pleadings, but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist.,* 34 S.W.3d at 555. But the court must confine itself to the evidence relevant to the jurisdictional review. *Malone,* 972 S.W.2d at 43. The court should decide the plea without delving into the merits of the case. *Id.* at 554. A trial court abuses its discretion when it rules without regard for any guiding rules or principles. *Id.* An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Id.* We will not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. Tex.R.App. P. 44.1; *Malone,* 972 S.W.2d at 43.

We need not consider whether the trial court's finding that the City's exhibits were hearsay was erroneous because we conclude that their exclusion did not cause the rendition of an improper judgment. The City contends it offered the exhibits in an effort to establish that the plaintiff employees had fraudulently alleged that the public was led to believe and that they themselves believed the Resolution was binding. However, whether the plaintiff

employees made fraudulent allegations was not relevant to the trial court's determination of whether the City's immunity from suit was waived. Furthermore, as we have concluded, the trial court's order denying the City's plea to the jurisdiction was proper regardless of the admissibility of the exhibits because the City waived immunity from suit by filing its counterclaim. We overrule the City's second issue.

## CONCLUSION

Having overruled both of the City's issues, we affirm the trial court's order denying the City's plea to the jurisdiction.