**CITY OF DALLAS, Petitioner,**

v.

**Dora SAUCEDO–FALLS et al., Respondents.**

No. 05–0973.

Supreme Court of Texas.

March 9, 2007.

Janice S. Moss, City of Dallas, City Atty's Office, Barbara E. Rosenberg, Asst. City Atty., Thomas P. Perkins Jr., City Atty's Office, Karen Jyllane Tracy, Asst. City Atty., and James B. Pinson, Asst. City Atty., Dallas, for Petitioner.

Rhonda Elaine Cates, Garland, Robert C. Lyon, Robert Lyon & Associates, Rowlett, and Bob Gorsky, Lyon, Gorsky, Haring & Gilbert, LLP, Charles W. McGarry, Law Office of Charles McGarry, Dallas, for Respondent.

PER CURIAM.

Several police officers and firefighters sued the City of Dallas alleging that they were entitled to a pay raise. They sued for back pay, interest, and attorney fees, and alternatively for declaratory relief. TEX. CIV. PRAC. & REM. CODE §§ 37.001–.011. The City answered and counterclaimed for declaratory relief on the effect of a City resolution, and on the City's lack of liability thereunder, and for attorney fees and costs. *Id.* § 37.009. The City later filed a plea to the jurisdiction asserting that plaintiffs had not affirmatively demonstrated a waiver of the City's governmental immunity from suit. Plaintiffs argued that the City's immunity was waived, *inter alia*, by entering into employment contracts, and accepting and retaining the benefit of plaintiffs' labor under those contracts, and by the City's assertion of its counterclaim. The trial court denied the City's plea, and on interlocutory appeal, the court of appeals affirmed. 172 S.W.3d 703 (Tex.App.-Dallas 2005).

The court of appeals relied on our first opinion in *Reata Construction Corp. v. City of Dallas,* which we have since withdrawn and replaced. *See Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371 (Tex.2006). We need not reach whether a counterclaim for declaratory relief and attorney fees under the Declaratory Judgments Act waives immunity from suit for claims for money damages not otherwise allowed under that Act. *See Tex. Educ. Agency v. Leeper,* 893 S.W.2d 432, 446 (Tex.1994) (holding, in an action construing the compulsory school-attendance law, that the Declaratory Judgments Act, by authorizing actions to construe legislative enactments and attorney fee awards, "necessarily waives governmental immunity for such awards"). On remand, the plaintiffs should have the opportunity to argue any grounds for waiver remaining under this

Court's decisions, including whether the City's immunity from suit is waived by sections 271.151–.160 of the Local Government Code, enacted while this case has been pending on appeal. *See City of Irving v. Inform Constr., Inc.,* 201 S.W.3d 693, 694 (Tex.2006); *Tooke v. City of Mexia,* 197 S.W.3d 325, 343 (Tex.2006) (citing *Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 408 n. 1) (Tex.1997)); *Reata,* 197 S.W.3d at 378. Accordingly, we grant the City's petition for review and without hearing oral argument, reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings. TEX. R. APP. P. 59.1.