

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

---

**NO. 2-07-422-CV**

---

THE CITY OF CORINTH, TEXAS                                    APPELLANT

V.

NUROCK DEVELOPMENT, INC.,                                    APPELLEES
NUROCK CORPORATION,
NDG-TOWER RIDGE 1, LLC AND
TOWER RIDGE CORINTH 1, LTD.

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

# OPINION

------------

In this interlocutory appeal, appellant, the City of Corinth (the City),

challenges the trial court's denial of its plea to the jurisdiction on sovereign

immunity grounds against claims asserted by appellees NuRock Development,

Inc., NuRock Corporation, NDG-Tower Ridge 1, LLC, and Tower Ridge Corinth

1, Ltd. (collectively, NuRock). We affirm in part and reverse and dismiss in part.

## I. Background

This appeal arises from the City's alleged breach of a settlement agreement between the City and NuRock by which the parties settled NuRock's claims in an earlier federal lawsuit, *NuRock Development, Inc. v. City of Corinth* (the Federal Action).[1] In the Federal Action, NuRock sought damages and injunctive relief from disputes stemming from NuRock's efforts to develop and construct an affordable housing project called Tower Ridge in Corinth (the Apartments). NuRock claimed that the City violated both the Federal Fair Housing Act[2] and the Texas Fair Housing Act[3] because the City's actions regarding the Apartments were intended to exclude families with children and minorities. NuRock also asserted a takings claim under the Texas constitution,[4] as well as a section 1983 claim.[5]

The April 2005 settlement agreement, as amended in July 2005 (the Settlement Agreement), provided that NuRock would construct the Apartments

---

[1] No. 4:04cv277 (E.D. Tex. July 30, 2004).

[2] 42 U.S.C. §§ 3604, 3617 (2003).

[3] Tex. Prop. Code Ann. § 301.021 (Vernon 2007).

[4] Tex. Const. art. I, § 17.

[5] 42 U.S.C. § 1983 (2003).

2

to certain specifications, that the City would acquire certain right-of-ways along Tower Ridge Road, that NuRock would make specified improvements to Tower Ridge Road, that NuRock would place $120,000.00 in escrow as collateral for the improvements, and that the City would pay NuRock $120,000.00. The parties agreed to dismiss the Federal Action and NuRock began construction of the Apartments.

The City sued NuRock in state court in April 2006, alleging that NuRock breached the Settlement Agreement by failing to place the funds in escrow. NuRock filed counterclaims based on the City's alleged breaches of the Settlement Agreement, seeking damages, injunctive relief, and a declaratory judgment. NuRock asserted that, despite the Settlement Agreement, the City was interfering with and delaying construction of the Apartments, particularly by refusing to perform inspections or issue building permits or certificates of occupancy for the apartment buildings. At the City's request, the trial court realigned the parties so that NuRock was the plaintiff and the City was the defendant.

In July 2006, the trial court entered a temporary injunction for NuRock, which the City did not appeal. The injunction required the City to stop refusing to issue temporary certificates of occupancy on the grounds that the Tower Ridge Road improvements had not been completed.

3

In June 2007, the City filed a plea to the jurisdiction alleging sovereign immunity.  The trial court denied the plea and this appeal followed.

## II.  Standard of Review

We review the trial court's ruling on a plea to the jurisdiction based on immunity from suit under a de novo standard of review.[6]  In reviewing the denial of a plea to the jurisdiction, we do not review the merits of the case.[7]

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause.[8]  We construe the pleadings liberally in favor of the plaintiffs and look to the pleader's intent.[9]  If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to

---

[6] *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *City of Carrollton v. Singer*, 232 S.W.3d 790, 794 (Tex. App.—Fort Worth 2007, pet. denied).

[7] *See State v. Fiesta Mart, Inc.*, 233 S.W.3d 50, 53–54 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (citing *Chocolate Bayou Water Co. & Sand Supply v. Tex. Natural Res. Conservation Comm'n*, 124 S.W.3d 844, 849 (Tex. App.—Austin 2003, pet. denied)).

[8] *See Miranda*, 133 S.W.3d at 226.

[9] *Id.*; *Singer*, 232 S.W.3d at 795.

4

amend.[10] If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend.[11] However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do.[12]

### III.  Governmental Immunity

### A.    Settlement Agreement

In its first and second issues, the City asserts that it had immunity from NuRock's claims for breach of the Settlement Agreement, which settled the Federal Fair Housing Act claim among others.[13] Governmental immunity protects governmental entities from lawsuits for damages absent legislative consent.[14] The doctrine of governmental immunity encompasses two distinct concepts:   (1) immunity from suit (barring a lawsuit unless the legislature

---

[10] *Miranda*, 133 S.W.3d at 226–27.

[11] *Id* at 227.

[12] *Id*.

[13] *See* 42 U.S.C. §§ 3604, 3617.

[14] *See Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997); *Singer*, 232 S.W.3d at 795.

5

expressly gives its consent to suit) and (2) immunity from liability (even if the legislature has expressly given its consent to the suit).[15] "Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject matter jurisdiction."[16]

The City possesses immunity from suit and from liability.[17] Although a governmental entity like the City waives its immunity from *liability* when it contracts with private citizens, it does not waive its immunity from *suit* solely by entering into such a contract.[18] Rather, express legislative consent in clear and unambiguous language is required to show that immunity from a breach of contract suit has been waived.[19]

In *Texas A & M University–Kingsville v. Lawson*,[20] a plurality of the Supreme Court of Texas concluded that when a governmental entity settles a

---

[15] *See Fed. Sign*, 951 S.W.2d at 405; *Singer*, 232 S.W.3d at 795.

[16] *Singer*, 232 S.W.3d at 795 (quoting *Miranda*, 133 S.W.3d at 224).

[17] *See Singer*, 232 S.W.3d at 795; *see also Fed. Sign*, 951 S.W.2d at 405.

[18] *See Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704, 705 (Tex. 2003); *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001).

[19] *See* Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2008); *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex. 2002).

[20] 87 S.W.3d 518 (Tex. 2002).

claim for which immunity from suit has been waived, immunity from suit is also waived for a breach of the settlement agreement.[21] The plurality reasoned that "when a governmental entity is exposed to suit because of a waiver of immunity, it cannot nullify that waiver by settling the claim with an agreement on which it cannot be sued."[22]

The City asserts that *Lawson* does not apply here because NuRock has not pleaded in this action any *state* law claim in the underlying Federal Action for which immunity was waived.[23] The City reasons that the holding in *Lawson* is limited to waivers of immunity by the Texas Legislature under state law, and that because NuRock did not assert a claim in the Federal Action for which the immunity is waived under state law, there is no basis for finding a waiver of immunity from the settlement of the Federal Action.[24]

---

[21] *Id.* at 521–22.

[22] *Id.* at 521; *see also Singer*, 232 S.W.3d at 796, 799–800 (stating that in *Lawson*, "the [Supreme Court of Texas] determined that a governmental entity that has been exposed to a claim for which liability from suit has been waived cannot regain that immunity by entering into a settlement of that claim"(emphasis omitted)).

[23] The City also contends that because *Lawson* is a plurality opinion, it is not binding and we should not follow it. Whether the City is correct or not, this court has already elected to follow the *Lawson* plurality. *See Singer*, 232 S.W.3d at 800.

[24] The City asserts that the only state statute that could arguably have waived its immunity in the Federal Action was the Texas Fair Housing Act, but

The City's argument is based on the concepts of federalism that are embodied in the Eleventh Amendment to the United States Constitution.[25] The Supreme Court of the United States has stated that the Eleventh Amendment presupposes two ideas: "first, that each State is a sovereign entity in our federal system; and second, that '[i]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'"[26] Under the Eleventh Amendment, the State of Texas and its agencies are immune from claims based on federal law, whether brought in federal or state court, absent either a clear indication by the United States Congress that it intends to abrogate the immunity afforded to states under the Eleventh Amendment to the federal Constitution,[27] or a waiver of immunity by the Texas Legislature.[28]

_____

that the Act does not actually waive immunity. *See* Tex. Prop. Code Ann. §§ 301.001–.171 (Vernon 2007). Because of our disposition of the City's first and second issues, we need not and do not address this assertion. *See* Tex. R. App. P. 47.1.

[25] U.S. Const. amend. XI.

[26] *Alden v. Maine*, 527 U.S. 706, 729, 119 S. Ct. 2240, 2254 (1999) (quoting *Hans v. Louisiana*, 134 U.S. 1, 13, 10 S. Ct. 504, 506 (1890)).

[27] *See, e.g.*, *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 279, 117 S. Ct. 2028, 2039 (1997) (explaining that state is not immune from claim for damages under federal Title VII because Congress can abrogate Eleventh Amendment immunity when exercising remedial powers under section five of Fourteenth Amendment); *Univ. of Tex. at El Paso v. Herrera*, 281 S.W.3d 575, 579 (Tex. App.—El Paso Nov. 25, 2008, pet. filed) ("Federal courts have no jurisdiction over federal or state law claims against a state or state agency

8

Eleventh Amendment immunity, however, does not extend to municipalities. "[T]he [United States Supreme] Court has consistently refused to construe the [Eleventh] Amendment to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a 'slice of state power.'"[29] Accordingly, notwithstanding the fact that the State may enjoy immunity from Federal Fair Housing Act claims, the City has no immunity from such claims.[30]

---

unless Eleventh Amendment immunity has been expressly waived by the state or abrogated by Congress pursuant to proper constitutional authority.") (citing *Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex. 2004)).

[28] *See, e.g.*, *Tex. A & M. Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 838–39 (Tex. 2007) (holding that because state has not waived immunity from money damages against federal claim based on § 1983, *Lawson* is not implicated by claim that state official breached agreement settling § 1983 claim).

[29] *Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 401, 99 S. Ct. 1171, 1177 (1979); *see also Lincoln County v. Luning*, 133 U.S. 529, 530, 10 S. Ct. 363, 363 (1890) (concluding that Eleventh Amendment immunity extends only to States, not to counties or municipal corporations).

[30] *See Howlett v. Rose*, 496 U.S. 356, 376–77, 110 S. Ct. 2430, 2443 (1990) (holding that state law sovereign immunity defense is not available to school board in § 1983 action brought in state court that otherwise has jurisdiction when such defense would not be available if action were brought in federal court); *see also Keith v. Volpe*, 858 F.2d 467, 482 (9th Cir. 1988) (citing *U.S. v. City of Parma*, 661 F.2d 562, 572 (6th Cir. 1981), *cert. denied*, 456 U.S. 926 (1982)); *People Helpers, Inc. v. City of Richmond*, 789 F. Supp. 725, 734 (E.D. Va. 1992) ("[M]unicipalities are 'persons' who can be sued under the [federal] Fair Housing Act.").

Therefore, because the City has no immunity against NuRock's Federal Fair Housing Act claims, and, because the City is not immune from a claim for breach of an agreement settling a claim for which it has no immunity, we hold that the City is not immune from NuRock's claim for breach of the Settlement Agreement.[31]  We overrule the City's first and second issues.

## B.    Inverse Condemnation

In its third issue, the City argues that the trial court did not have jurisdiction over NuRock's exaction-type inverse condemnation claim because NuRock agreed to make the improvements to Tower Ridge Road which are the basis of its takings claim.  The City concedes that it does not have immunity from a valid takings claim.[32]  But, when the government entity's taking is pursuant to colorable contract rights, it does not constitute a compensable taking under article I, section 17 of the Texas constitution.[33]

It is undisputed that the Tower Ridge Road construction was part of the consideration NuRock voluntarily promised to provide in the context of the

---

[31] *See Koseoglu*, 233 S.W.3d at 838–39 (suggesting that breach of settlement claim based on agreement settling federal claim for which immunity was waived would implicate *Lawson*).

[32] *See Gen. Servs. Comm'n*, 39 S.W.3d at 598.

[33] *See State v. Holland*, 221 S.W.3d 639, 644 (Tex. 2007); *see* Tex. Const. art. I, §17.

Settlement Agreement. Thus, the City accepted the improvements NuRock made to the road under color of its contract with NuRock, and not pursuant to its powers of eminent domain. The City is, therefore, not subject to liability under article I, section 17 of the Texas constitution.[34]

NuRock contends, however, that because the City breached the Settlement Agreement before the improvements were made, the agreement was no longer enforceable, and, therefore, the City's requirements that the improvements be completed constitute an illegal taking. But, the City's alleged breach of the agreement is immaterial to whether the City had the requisite intent to take the improvements when the agreement was executed.[35] While the City's alleged breach may have excused NuRock from making the improvements,[36] it does not alter the fact that the improvements were agreed to well before the alleged breach occurred.[37] We sustain the City's third issue.

_____

[34] *See State v. Holland*, 221 S.W.3d at 644.

[35] *See id.* at 643 (holding that focus is whether the state has the "requisite intent" to take property for public use when the contract is formed).

[36] *See Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004) ("It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance.").

[37] NuRock contends that *Town of Flower Mound v. Stafford Estates, Ltd.*, 135 S.W.3d 620 (Tex. 2004), compels a different result because the Texas Supreme Court permitted the developer in that case to maintain a takings

**C.    Declaratory and Injunctive Relief**

In its fourth issue, the City asserts that the trial court should have dismissed NuRock's claims for declaratory and injunctive relief.

**1.    Declaratory Relief**

The Uniform Declaratory Judgments Act[38] does not extend the jurisdiction of Texas courts; it only provides a procedure by which a trial court may "decid[e] cases already within [the] court's jurisdiction."[39] Thus, a declaratory judgment claim can be maintained only where there is a justiciable controversy between the parties as to their rights and status that the declaration would actually resolve.[40]

The Supreme Court of Texas has distinguished between suits against governmental units in which a party seeks a declaration to clarify rights under

---

cause of action even though the developer "voluntarily" completed the roadway improvements and transferred them to the town. Contrary to NuRock's reading of *Stafford*, however, the developer's construction of the improvements in that case was not voluntary, but, instead, was made under protest "at every administrative level in the Town." *Id.* at 624.

[38] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–.011 (Vernon 2008).

[39] *Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996) (quoting *State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994)); *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–.011.

[40] *See* Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).

a statute or regulation, for which the Declaratory Judgments Act provides a waiver of immunity, and suits in which the request for declaratory relief is no more than a recasting of a claim for money damages, for which the Act does not provide a waiver of immunity.[41]

NuRock asserts that it is seeking declaratory relief to construe a legislative act by the City and attempts to categorize the Settlement Agreement as the equivalent of a statute or municipal ordinance. We disagree. The Settlement Agreement, however, is a contract, not a statute. Statutes or ordinances enacted by legislative bodies are designed to address broad questions of public policy and to promulgate laws that those subject to the government's power must follow in future conduct.[42] The Settlement

---

[41] *Compare Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994) (holding that court had jurisdiction where plaintiff sought declaratory judgment challenging state agency's construction of compulsory school attendance law), *with Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 859–60 (Tex. 2002) (plurality op.) (holding that court lacked jurisdiction where plaintiff sought declaration that state agency breached contract, as such claim was "only . . . an attempt to have the trial court decide its breach-of-contract claim [for which immunity was not waived]"); *see also de Miño v. Sheridan*, 176 S.W.3d 359, 368 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (concluding that request for declaratory relief "merely recast[] [plaintiff's] defamation claims" and, therefore, was "not within the proper scope of an action for declaratory relief").

[42] *See Macias v. Rylander*, 995 S.W.2d 829, 833 (Tex. App.—Austin 1999, no pet.) ("Generally, an administrative agency acts in a legislative capacity when it addresses broad questions of public policy and promulgates rules for future application 'to all or some part of those subject to its power.'").

Agreement clearly lacks these characteristics. Instead, it memorializes a specific act to resolve a specific, isolated dispute between specific parties. It establishes no rule or law that all members of the public must adhere to in future conduct.[43] Thus, the Settlement Agreement involves the construction of a contract, not the interpretation of a statute.

NuRock sought declaratory relief that it did not materially breach the Settlement Agreement or otherwise fail to meet its obligations to the City. This is not a permissible use of the Declaratory Judgments Act.[44] Consequently, the City's immunity is not waived as to NuRock's Declaratory Judgments Act claim.[45]

### 2. Injunctive Relief

NuRock also sought permanent injunctive relief against the City. Specifically, it asked that the City be ordered "[t]o cease and desist from

---

[43] *See Beacon Nat'l Ins. Co. v. Montemayor*, 86 S.W.3d 260, 268–69 (Tex. App.—Austin 2002, no pet.) (holding declaratory judgment action not available to insurer because series of letters and draft consent decree are not a "rule" for purposes of statute authorizing declaratory judgment action to construe agency rules); *Macias*, 995 S.W.2d at 833 ("In determining whether an administrative agency was acting in a legislative or judicial capacity, we ask whether the administrative action implements broad public policy or concerns only the parties immediately affected.").

[44] *See IT-Davy*, 74 S.W.3d at 855–56; *de Miño*, 176 S.W.3d at 368.

[45] *See IT-Davy*, 74 S.W.3d at 855–56.

14

arbitrarily and capriciously applying the ordinances and variances therefrom of the City of Corinth." The City contends that the injunctive relief NuRock sought regarding the City's approval of certificates of occupancy for the Apartments is not ripe and, therefore, the trial court had no jurisdiction to grant the relief. NuRock contends that because the City failed to challenge NuRock's request for injunctive relief in its plea and supplemental plea to the jurisdiction, the City cannot seek relief from that request in this appeal.[46] We disagree.

Ripeness implicates subject matter jurisdiction.[47] This court is obligated to consider subject matter jurisdiction, even when it was not raised in the trial court or asserted by either party on appeal.[48]

---

[46] *See City of Dallas v. VSC, LLC*, 242 S.W.3d 584, 598 (Tex. App.—Dallas 2008, pet. filed) (holding that appellate court has interlocutory jurisdiction only to consider issues that were raised in plea to jurisdiction).

[47] *See, e.g., Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998), *cert. denied*, 526 U.S. 1144 (1999).

[48] *See Tex. Ass'n of Bus.*, 852 S.W.2d at 445–46; *see also Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 850–51 (Tex. 2000) (holding that jurisdictional grounds not raised in plea to jurisdiction can be raised for first time on interlocutory appeal); *see also Dominguez v. City of Fort Worth,* No. 02-06-00196-CV, 2008 WL 623583, at *3 & n.16 (Tex. App.–Fort Worth Mar. 6, 2008, pet. denied) (mem. op.) (considering immunity argument raised for first time in interlocutory appeal and noting that "[g]enerally, a challenge to subject matter jurisdiction may be raised at any time").

A case is ripe when facts have developed sufficiently that an injury has occurred or is likely to occur.[49] A case is not ripe if the injury is contingent or remote.[50] The possibility of future arbitrary and capricious conduct concerning the Apartments is too remote to support a claim for a permanent injunction. Accordingly, we conclude that NuRock's request for a permanent injunction is not ripe and, therefore, that the trial court lacked jurisdiction over that request. We sustain the City's fourth issue.

## D.    Attorney's Fees

In its fifth issue, the City asserts that NuRock is not entitled to attorney's fees under either its declaratory judgment or its breach of the Settlement Agreement claims. We agree. Because we conclude that NuRock's declaratory judgment claim must be dismissed, there is no basis for NuRock to recover fees pursuant to the Declaratory Judgments Act.[51]

---

[49] *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998).

[50] *Id.*

[51] *See OAIC Commercial Assets, L.L.C. v. Stonegate Village, L.P.*, 234 S.W.3d 726, 746 (Tex. App.—Dallas 2007, pet. denied) (holding that where party lacked standing to bring declaratory judgment action, party could not recover attorney's fees under Declaratory Judgments Act); *Cytogenix, Inc. v. Waldroff*, 213 S.W.3d 479, 490 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (holding that party may not recover attorney's fees under Declaratory Judgments Act where claim for declaratory relief mirrored breach of contract claim).

16

NuRock, however, asserts that it may recover attorney's fees under section 38.001(8) of the Texas Civil Practice and Remedies Code.[52] This section provides that "[a] person may recover reasonable attorney's fees from an *individual or corporation* . . . if the claim is for . . . an oral or written contract."[53] NuRock asserts that the City is "an individual" for purposes of section 38.001(8). We disagree.

"Individual" is not defined in section 38.001 or in the Code Construction Act. Webster's Third New International Dictionary defines "individual" to mean "a single human being as contrasted with a social group or institution."[54] "Person," on the other hand, is defined broadly in the Code Construction Act to include governmental entities.[55]

In light of the definition the legislature has given the word "person" in the Code Construction Act, the fact that the legislature chose to use the word "individual" in section 38.001, instead of the word "person," indicates a clear

---

[52]⊠ *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 2008).

[53]⊠ *Id.*(emphasis supplied).

[54]⊠ *Webster's Third New International Dictionary* 1152 (2002).

[55]⊠ *See* Tex. Gov't Code Ann. § 311.005(2) (Vernon 2005) ("'Person' includes corporation, organization, government or governmental subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity.").

17

legislative intent to exclude government entities from those against whom attorney's fees may be recovered under the statute. Moreover, the legislature expressly exempted municipalities from being a "corporation" under section 38.001.[56] It would be incongruous to conclude that the legislature, nonetheless, meant to implicitly include municipalities under the term "individual." Accordingly, we hold that section 38.001(8) does not authorize recovery of attorney's fees by NuRock against the City. The City's fifth issue is sustained.

## Conclusion

The City is not immune from NuRock's claims for breach of the Settlement Agreement. The trial court, therefore, properly denied the City's plea to the jurisdiction as to this claim. The trial court erred, however, by denying the City's plea as to NuRock's takings claim, requests for declaratory and injunctive relief, and for attorney's fees. Accordingly, we affirm that part of the trial court's order denying the City's plea to the jurisdiction as to NuRock's breach of Settlement Agreement. We reverse that part of the order

---

[56] *See* Tex. Loc. Gov't Code Ann. § 5.904(a) (Vernon 2008) ("A municipality may not be considered a corporation under a state statute governing corporations unless the statute extends its application to a municipality by express use of the term 'municipal corporation,' 'municipality,' 'city,' 'town,' or 'village.'").

18

denying the City's plea as to NuRock's takings claim, requests for declaratory and injunctive relief, and for attorney's fees, and dismiss those claims.

JOHN CAYCE
CHIEF JUSTICE

PANEL:   CAYCE, C.J.; LIVINGSTON, J.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

LIVINGSTON, J. filed a concurring opinion.

DELIVERED:  July 30, 2009


**NO. 2-07-422-CV**


THE CITY OF CORINTH, TEXAS                                          APPELLANT

V.

NUROCK DEVELOPMENT, INC.,
NUROCK CORPORATION,
NDG-TOWER RIDGE 1, LLC AND
TOWER RIDGE CORINTH 1, LTD.                                        APPELLEES

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

## CONCURRING OPINION

------------

I concur in the result reached by the majority, but I write separately to clarify and express disagreement with some of the statements contained in the majority opinion and to emphasize that the majority's holding does not affect the precedent established by a previous opinion from our court, *City of Carrollton v. Singer.* 232 S.W.3d 790, 800 (Tex. App.—Fort Worth 2007, pet. denied) (following *Tex. A&M Univ.-Kingsville v. Lawson,* 87 S.W.3d 518,

522–23 (Tex. 2002) (holding that when a governmental entity is exposed to suit because of a waiver of immunity, it cannot settle that suit and subsequently deny waiver of immunity for enforcement thereof)).

**Chapter 271 of the local government code**

The majority opinion acknowledges that governmental entities like Corinth waive immunity from *liability* when they enter into contracts with private citizens.  Majority op. at 6.  And discussing a city's immunity from *suit*, the majority observes that governmental entities do not automatically waive immunity from *suit* simply by entering into contracts.  *Id.*; *see Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704, 705 (Tex. 2003).

However, under chapter 271 of the local government code, when a party provides goods or services to a local government, the local government waives immunity from *suit* as well for the purpose of adjudicating a claim for breach of the contract if the contract is properly authorized and executed.  *See* Tex. Loc. Gov't Code Ann. §§ 271.151–.152 (Vernon 2005);[1] *Singer*, 232 S.W.3d at

---

[1] The waiver of immunity for a claim under chapter 271 applies retroactively to contracts executed before the effective date of the statute, September 1, 2005, if sovereign immunity had not been waived with respect to the claim before that date.  *See* Tex. Loc. Gov't Code Ann. §§ 271.152–.154 historical note (Vernon 2005) [Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549]; *Tooke v. City of Mexia*, 197 S.W.3d 325, 344–45 (Tex. 2006); *Boyer, Inc. v. Trinity River Auth. of Tex.*, 279 S.W.3d 354, 358 (Tex. App.—Fort Worth 2008, pet. filed).

795 n.4. The majority failed to note this statutory exception in its broad statement regarding lack of immunity from suit in breach of contract claims. While NuRock did not explicitly rely on chapter 271 as a basis for its argument about Corinth's waived immunity, several courts, including our supreme court, are remanding cases where chapter 271 likely applies.

For example, the Dallas Court of Appeals remanded two different cities' firefighters' cases against Grand Prairie and Dallas, respectively, to allow the trial court an opportunity to determine whether sections 271.151–.160 might apply. *See Bell v. City of Grand Prairie*, 221 S.W.3d 317, 323 n.4 (Tex. App.—Dallas 2007, no pet.) (op. on reh'g); *City of Dallas v. Albert*, 214 S.W.3d 631, 636–37 (Tex. App.—Dallas 2006, pet. filed) (op. on reh'g); *see also City of Houston v. Clear Channel Outdoor, Inc.*, 197 S.W.3d 386, 386–87 (Tex. 2006) (holding that remand is proper to give the proponent of waiver of immunity an opportunity to argue that chapter 271 applies because it applies retroactively); *McMahon Contracting, L.P. v. City of Carrollton*, 197 S.W.3d 387 (Tex. 2006) (same).

I recognize that the cited cases were in the appellate process when the revisions to chapter 271 took place, as opposed to this case, which was not even filed until after its effective date. However, we should not ignore the posture of this case when filed: Corinth was the original plaintiff for the very

3

breach of contract action—breach of the Settlement Agreement—it now seeks to avoid. Corinth first filed suit in April 2006. At the time NuRock filed its answer, Corinth had not challenged jurisdiction. And by the time Corinth first asserted its plea to the jurisdiction, in June 2007, all pleadings were on file and discovery was complete.

Furthermore, the issue regarding the applicability of chapter 271 was before the trial court regardless. Corinth raised its applicability in its plea to the jurisdiction, in its seconded amended answer, and in its alternative motion for summary judgment. In fact, Corinth alternatively asserted that section 271.153(b) could apply, which could serve to protect Corinth from some of the damages it claimed would be excluded by the chapter itself. *See* Tex. Local Gov't Code Ann. § 271.153(b) (Vernon 2005) (excluding consequential and exemplary damages from recovery under chapter 271). On this record, we can not tell whether the trial court applied this statute when it denied Corinth's plea to the jurisdiction.

The majority opinion only concedes lack of immunity on one theory: that the underlying suit was based upon breaches of the Federal Fair Housing Act wherein a state's immunity from suit is maintained but a city's immunity from suit is not. Majority op. at 9. In affirming the trial court's judgment denying Corinth's plea to the jurisdiction, I would also instruct the trial court to

4

determine the applicability of this statute on waiver of immunity from suit. *See* Tex. Loc. Gov't Code Ann §§ 271.151–.160.

**The effect of the dismissal of Corinth's affirmative claims**

NuRock also cited *Reata Construction Corporation v. City of Dallas* (*"Reata II"*) to argue that Corinth waived its immunity against NuRock's claim for a breach of the settlement agreement by asserting its own monetary claim for a breach of that agreement. 197 S.W.3d 371, 376–77 (Tex. 2006). Corinth responded by stating that it has withdrawn all of its claims for affirmative relief and that the reasoning of *Reata II*, which allows private parties to assert otherwise immunity-barred claims as offsets against a governmental entity's recovery, cannot therefore apply. *Id.* at 377. Although the majority did not discuss the effect of *Reata II*, I disagree with the notion that a governmental entity may totally regain immunity that it has lost through filing affirmative claims by simply dismissing or nonsuiting those claims much later in the litigation; such a process would allow the entity to participate in litigation without any risk of loss and flies in the face of the supreme court's procedural rules and related case law. *See* Tex. R. Civ. P. 162 (stating a dismissal shall not prejudice the right of an adverse party regarding a pending claim for relief or the right of the trial court to tax costs); *Reynolds v. Murphy*, 266 S.W.3d 141, 145 (Tex. App.—Fort Worth 2008, pet. denied); *see also Joachim v.*

*Travelers Ins. Co.*, 279 S.W.3d 812, 815 (Tex. App.—Amarillo 2008, pet. filed). *But see City of Dallas v. Albert*, 214 S.W.3d 631, 636 (Tex. App.—Dallas 2006, pet. filed and briefing proceeding in the Supreme Court of Texas) (op. on reh'g) (holding that "the City's now withdrawn counterclaims cannot form the basis of the trial court's jurisdiction"); *cf. City of Dallas v. Saucedo-Falls*, 172 S.W.3d 703, 708 (Tex. App.—Dallas 2005), *rev'd*, 218 S.W.3d 79 (Tex. 2007).

For these reasons, I agree with the majority's disposition of Corinth's first and second issues by overruling them, but I disagree with the limited basis upon which that disposition was reached.

**The continuing validity of our *Singer* opinion**

As the majority notes, a governmental entity may waive immunity from suit by entering and breaching an agreement that settles a claim for which the entity did not have immunity. *Lawson*, 87 S.W.3d at 518, 522–23; *see* majority op. at 7. For instance, when a governmental entity enters into a contract under the threat of and in lieu of condemnation proceedings, for which the entity does not have immunity, the entity does not have immunity for a breach of that contract. *Singer*, 232 S.W.3d at 798–800. I agree with the majority's expression in its resolution of Corinth's third issue that a governmental entity's act under colorable contract rights alone cannot be a

6

taking and that immunity applies in such a situation, but I note that the inverse circumstance—where the entity enters a contract with a threat of a colorable taking—does not maintain immunity for a breach of a contract that resolves the threat. *See* majority op. at 11; *State v. Holland*, 221 S.W.3d 639, 644 (Tex. 2007); *Singer*, 232 S.W.3d at 800.

**The ripeness of NuRock's claim for injunctive relief**

Finally, I cannot agree with the majority that NuRock's claim for injunctive relief is not ripe for adjudication. *See* majority op. at 14–16. The majority holds that the "possibility of future arbitrary and capricious conduct concerning the Apartments is too remote to support a claim for a permanent injunction." *Id.* at 16. But the prevention of imminent, nonspeculative future conduct is indeed a valid purpose of an injunction, and ripeness only requires a showing that an injury is likely to occur. *See Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998); *Democracy Coal. v. City of Austin*, 141 S.W.3d 282, 296 (Tex. App.—Austin 2004, no pet.).

Preceding NuRock's request in its pleading that Corinth and its representatives be enjoined from arbitrarily and capriciously applying Corinth's ordinances and variances, NuRock alleged that its construction and leasing of its apartments had already been delayed because, in summary, (1) Corinth arbitrarily canceled and refused to perform inspections, (2) Corinth refused to

7

issue permits and certificates of occupancy for reasons not contemplated by and in contravention to the parties' agreement settling their federal case, and (3) Corinth refused to meet with NuRock's representatives about issues related to NuRock's construction. And contrary to a statement in Corinth's reply brief, NuRock did plead "immediate and irreparable injury" based on Corinth's allegedly wrongful continued interference in NuRock's development project.

I believe that NuRock's pleading, when construed liberally as required by our standard of review, provided the trial court with a sufficient basis to determine that an injury was likely to occur by similar future conduct by Corinth, and I would hold that whether the allegations comprise the type of harm that would entitle NuRock to injunctive relief concerns the merits of NuRock's claim, not the ripeness of the claim. *See Hays County v. Hays County Water Planning P'ship*, 69 S.W.3d 253, 260 (Tex. App.—Austin 2002, no pet.); *cf. Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 394 (Tex. App.—Fort Worth 2008, no pet.) (concluding that a claim for an injunction against an eminent domain action was not ripe because the City of Fort Worth expressly stated that it would not exercise its eminent domain authority); *Coble v. City of Mansfield*, 134 S.W.3d 449, 458 (Tex. App.—Fort Worth 2004, no pet.) (holding that a regulatory taking claim was not ripe because the City of Mansfield had not acted to apply its ordinance at issue to

8

specific property).  However, because I believe that the majority's decision to dismiss appellees' injunctive relief claim against Corinth is supported by an independent ground argued by Corinth in its brief (related to the proper governmental defendant for injunctive relief when the injunction does not involve constitutional violations), I concur with the majority's disposition overruling that claim.  *See City of Elsa v. M.A.L.*, 226 S.W.3d 390, 391–92 (Tex. 2007); *City of Alton v. Sharyland Water Supply Corp.*, 277 S.W.3d 132, 156 (Tex. App.—Corpus Christi 2009, pet. filed) (op. on reh'g); *Meroney v. City of Colleyville*, 200 S.W.3d 707, 711 (Tex. App.—Fort Worth 2006, pet. granted, judgm't vacated w.r.m.).

For the reasons stated, I concur only with the majority's judgment and its disposition of this appeal.

TERRIE LIVINGSTON
JUSTICE

DELIVERED:  July 30, 2009

9