

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00058-CV
_____

RICHARD ZAMBRANA, APPELLANT

V.

CITY OF AMARILLO, TEXAS, AND LORI JAMES, IN HER OFFICIAL CAPACITY AS
DIRECTOR OF THE AMARILLO CIVIL SERVICE COMMISSION, APPELLEES

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 100,555-D; Honorable Don Emerson, Presiding

October 8, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Richard Zambrana, appeals the trial court's order granting a plea to

the jurisdiction in favor of Appellees, City of Amarillo, Texas, and Lori James, in her

official capacity as Director of the Amarillo Civil Service Commission.[1]  Presenting a

---

[1] The Civil Service Commission is charged with the responsibility of administering the provisions
of chapter 143 of the Texas Local Government Code, commonly referred to as the Municipal Civil Service
for Firefighters and Police Officers Act.  TEX. LOCAL GOV'T CODE ANN. § 143.001(b) (West 2008).

sole issue, Zambrana asserts the trial court erred in concluding it lacked subject matter jurisdiction over his claim and dismissing his suit. Finding the trial court did have jurisdiction to address Appellant's claims, we reverse and remand.

BACKGROUND

Zambrana was employed by the City of Amarillo as a firefighter.[2] In May 2011, he engaged in abusive behavior against his domestic partner. As a result of that incident he was charged with the Class A misdemeanor offense of assault involving domestic violence.[3] When a fire fighter is officially charged with the commission of a Class A misdemeanor, the head of the Fire Department may indefinitely suspend the person, with or without pay, for a period not to exceed thirty days after the date of final disposition of the misdemeanor complaint. TEX. LOCAL GOV'T CODE ANN. § 143.056(a) (West 2008). In lieu of such a temporary suspension pending the outcome of the criminal charges against him, Zambrana entered into a written agreement with the City of Amarillo Fire Chief, dated August 5, 2011, wherein he agreed to a fifteen-day suspension without pay. The agreement further provided that "if and when the criminal charge(s) arising out of the alleged incident result in a conviction or a deferred adjudication on any charge above a class C misdemeanor," then the agreement would serve as his resignation from the Amarillo Fire Department. Zambrana also waived any right to appeal.

---

[2] As a City of Amarillo firefighter, Zambrana was subject to the provisions of the Municipal Civil Service for Firefighters and Police Officers Act. TEX. LOCAL GOV'T CODE ANN. § 143.002(a) (West 2008).

[3] TEX. PENAL CODE ANN. § 22.01(West 2012).

2

Six months later, on February 28, 2012, the charges did result in a conviction. Based on that conviction and an internal interpretation that the August 2011 agreement did operate as Zambrana's immediate resignation, the City's Interim Fire Chief accepted the resignation and permanently discharged him. Zambrana sought to appeal this discharge to the Amarillo Civil Service Commission; however, Ms. James, the Director of the Amarillo Civil Service Commission, refused to process his appeal since it was a discharge based on resignation rather than disciplinary action. Zambrana contended he had the right to appeal his discharge because, subject to review by this Court his conviction was not final, making his discharge an "indefinite suspension."[4]

In the trial court below, Zambrana filed an original petition for writ of mandamus and a petition for declaratory judgment. By way of mandamus, Zambrana sought to compel Ms. James to commence the hearing examiner appeal process; and, by way of a declaratory judgment, he sought to have the trial court declare his rights under the August 2011 agreement. Appellants filed a plea to the jurisdiction alleging Zambrana's claims had no merit. By a brief in support of their pleadings they asserted mandamus would not lie for what was essentially a contract dispute. Appellants also argued they had sovereign immunity from Zambrana's claim for back pay and benefits (a claim for money damages) for the period from the date of his conviction to the final disposition of his appeal.

Without a hearing, the trial court signed an *Order Granting* [*Appellants*'] *Plea to the Jurisdiction* on January 23, 2013. The trial court added a handwritten note on the

---

[4] Zambrana's conviction was affirmed by this Court on February 24, 2014. *See Zambrana v. State*, No. 07-12-00124-CR, 2014 Tex. App. LEXIS 2058 (Tex. App.—Amarillo Feb. 24, 2014, no pet.). Mandate issued on May 13, 2014.

order that "[t]he action is dismissed." By a single issue, Zambrana asserts the trial court erred in concluding it lacked subject matter jurisdiction over his claim and dismissing his suit.

Before addressing the merits issue, we address Zambrana's pending *Motion to Strike Attachment to Brief of Appellees,* wherein he seeks to strike the supplemental clerk's record attached to Appellants' brief. The record in question consists solely of a *Certificate of Original Redacted Oral Deposition of Richard Zambrana,* containing an undated reporter's certificate, filed with the trial court on August 28, 2013, eight months after the entry of the order being appealed, and a letter dated August 29, 2013, requesting preparation of the supplemental record. This Court will not consider matters that were not presented to the trial court for consideration. *See Crossley v. Staley*, 988 S.W.2d 791, 794 (Tex. App.—Amarillo 1999, no pet.) (holding that matters outside the record cannot be considered and should be stricken). Accordingly, Zambrana's motion to strike is granted.

STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea, the purpose of which is generally to defeat an action "without regard to whether the claims asserted have merit." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). Whether a court has subject matter jurisdiction is a question of law we review *de novo. Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). In reviewing the granting of a plea to the jurisdiction, we consider the plaintiff's pleadings, construed in the plaintiff's favor, and any evidence presented to the trial court which is relevant to

4

the jurisdictional issue, without considering the merits of the claim beyond the extent necessary to determine jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The burden is on the plaintiff to affirmatively demonstrate the trial court's jurisdiction. *Id.* at 227. In ruling on a plea to the jurisdiction "[a] trial court must not weigh the merits of the case, but instead consider only the pleadings and evidence pertinent to the jurisdictional question." *City of San Benito v.* Ebarb, 88 S.W.3d 711, 716 (Tex. App.—Corpus Christi 2002, pet. denied).

APPLICABLE LAW

The Texas Constitution grants a district court exclusive, appellate and original jurisdiction over all actions, proceedings and remedies except in cases where exclusive, appellate or original jurisdiction may be conferred by the Constitution on some other court, tribunal or administrative body. TEX. CONST. art. V, § 8 (West 2007).[5] Trial courts have jurisdiction to issue writs of mandamus to compel public officials to perform ministerial acts. *In re Nolo/FolkLaw, Inc.*, 991 S.W.2d 768, 775 (Tex. 1999) (orig. proceeding).

The Uniform Declaratory Judgments Act[6] is not a grant of jurisdiction; it is a procedural device for deciding cases already within a trial court's jurisdiction. *City of Corinth v. NuRock Dev., Inc.*, 293 S.W.3d 360, 368 (Tex. App.—Fort Worth 2009, no pet.); *City of Houston v. Buttitta*, 274 S.W.3d 850, 853 (Tex. App.—Houston [1st Dist.]

---

[5] The interpretive commentary to article V, section 8 notes a broad constitutional grant of original general jurisdiction to a district court which occupies the most prominent place in the trial court system, "for it is the district court that is empowered to determine a particular controversy when no other tribunal has been granted authority to do so."

[6] TEX. CIV. PRAC. & REM. CODE ANN. § 37.001 – .011 (West 2008 & Supp. 2014).

2008, no pet.). "A court of record within its jurisdiction has power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." TEX. CIV. PRAC. & REM. CODE ANN. § 37.003 (West 2008).

## ANALYSIS

In their "plea to the jurisdiction," Appellees do not assert the trial court lacked jurisdiction. Instead, what they assert is that Zambrana's claims lack merit. Specifically, Appellees' pleading states, "[Appellees] do not argue that the Court lacks subject matter jurisdiction to hear a mandamus claim or a claim for injunctive and declaratory relief. Rather, [Appellees] assert that [Zambrana's] claims lack merit." Because a plea to the jurisdiction is not a vehicle for the disposition of the merits of a claim, the trial court erred in granting Appellants' jurisdictional challenge *via* a plea to the jurisdiction. As to the question of jurisdiction, the trial court had jurisdiction over Zambrana's request for mandamus and declaratory relief.

Furthermore, the parties' arguments as to (1) whether Zambrana resigned or was disciplined or (2) whether the intent of the parties to the August 2011 agreement was that a simple trial court conviction (as opposed to a final non-appealable conviction) was the condition precedent to be met before accepting his resignation, both relate to the merits of the case. Because a determination of the merits of the underlying claim is not essential to a determination of whether the trial court had jurisdiction to either issue a writ of mandamus or enter a declaratory judgment, the trial court erred in dismissing the claims for want of jurisdiction. Zambrana's sole issue is sustained.

6

CONCLUSION

The trial court's *Order Granting Defendants' Plea to the Jurisdiction* is reversed and the cause is remanded for further proceedings.


Patrick A. Pirtle
Justice